## POWER & IRRIGATION CO. OF CLEAR LAKE v. STEPHENS et al.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1915.)

### No. 2501.

1. MORTGAGES ☞27—EQUITABLE MORTGAGE—RIGHTS OF PARTIES.

Where the purchaser of land borrows money to complete the purchase, and the vendor with consent of all parties conveys it to the lender as security for the loan, the grantee becomes the trustee of the legal title for the purchaser, and a mortgagee for the money advanced, and is entitled to retain the title until the payment of the loan and to enforce his lien by an action of foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 43, 45–53, 55; Dec. Dig. ☞27.]

2. COURTS ☞312—UNITED STATES COURTS—DIVERSITY OF CITIZENSHIP—SUBJECT OF ACTION.

A suit by an Arizona corporation whose assignor was the beneficiary of a resulting trust and entitled to title to land upon payment of the debt due from its assignor to defendant and his corporate assignee, residents of California, holding the title as security for an advance. to plaintiff's assignor, was a suit to redeem from a mortgage, and not a suit on a chose in action of which the District Court would not have jurisdiction if the assignor could not have brought the suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. ☞312.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; M. T. Dooling, Judge.

Suit by the Power & Irrigation Company of Clear Lake, a corporation organized and existing under the laws of the state of Arizona, against L. D. Stephens and the Yolo Water & Power Company, a corporation organized and existing under the laws of the state of California. Judgment for defendants, dismissing the suit, and plaintiff appeals. Reversed, and cause remanded for further proceedings.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for appellant.

S. C. Denson, John S. Partridge, Alan C. Van Fleet, A. E. Shaw, Bert Schlesinger, Denson, Cooley & Denson, and Mastick & Partridge, all of San Francisco, Cal., for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The appellant is a corporation of the state of Arizona, both of the appellees being citizens of California. The court below dismissed the suit for want of jurisdiction upon the ground that it was based on a chose in action, and that inasmuch as the corporation under which the appellant claims could not bring it in the federal court, the appellant could not.

The bill shows that in 1906 Mary B. Collier and William B. Collier, her husband, agreed in writing to sell certain lands in Lake county, Cal., upon certain specified terms and conditions, to one Shuman. The next year Shuman assigned the contract and all his rights thereunder to the California Industrial Company, a corporation of that state. On the same day the Colliers entered into an agreement with the California Industrial Company, which was supplemental to their previous agreement with Shuman. Thereafter, and prior to the time fixed by the contracts for the making of the last payment due thereunder, the Industrial Company assigned the contracts, and all its rights thereunder, to another California corporation called Central Counties Land Company, and when the last payment, amounting to $7,000, became due, the latter company, needing the money with which to make it, applied to the appellee L. D. Stephens for the loan of that amount, with which to make such payment to the Colliers, and, according to the averments of the bill:

"The said L. D. Stephens covenanted and agreed to and with the said Central Counties Land Company that if the said Central Counties Land Company would cause the said contracts, hereinabove set forth, to be assigned to him, he, the said L. D. Stephens, would pay said balance called for by the said contracts to the said Mary B. Collier and William B. Collier, her husband, and that he would thereupon take the deed to the properties therein provided for in his, said L. D. Stephens', own name, and would hold the same as security for the repayment to him, said L. D. Stephens, of the said money so advanced, together with interest thereon, and that thereafter, upon demand, he would convey the said properties to the said Central Counties Land Company, or its assigns, upon receiving from the said Central Counties Land Company the repayment of the said loan of $7,000, together with legal interest thereon, and covenanted and agreed that the said Central Counties Land Company should have 15 days' time in which to make such payment, after receiving notice from him, the said L. D. Stephens, that he wished such payment to be made; that thereupon the said Central Counties Land Company agreed and assented to all of the aforesaid terms of the said L. D. Stephens, and thereupon the said Central Counties Land Company duly assigned the said contract with the said Mary B. Collier and William B. Collier, her husband, to the said L. D. Stephens, and the said L. D. Stephens thereupon advanced to said Central Counties Land Company and paid to the said Mary B. Collier and William B. Collier the said sum of $7,000, and received an instrument in form of a grant, bargain, and sale deed, from the said Mary B. Collier and William B. Collier, her husband, conveying the said property to him, the said L. D. Stephens."

The bill further alleges that the Central Counties Land Company had entered into possession of the lands under the Collier agreement, and that its tenant was in possession of the lands at the time of the deed from the Colliers to Stephens, and continued in such possession until November 1, 1911; that meanwhile the Land Company paid to Stephens various sums of money on account of the principal and interest of the loan, but that since November 1, 1911, the appellees have collected the rents of the land, and that on the date last mentioned Stephens was indebted to the Land Company in an amount in excess of the loan; that Stephens subsequently executed to the appellee Yolo Water & Power Company, with full knowledge of all of the facts, an instrument in writing purporting to convey the lands in question to it. The appellant is alleged to be the assignee of all of the rights of the Central Counties Land Company, and the prayer

of the bill is for a decree establishing the complainant's title to the property, and that it be let into its possession upon paying anything ascertained to be due from it, and for general relief.

[1] The case presented by the bill is therefore one where the purchaser of the property in question borrowed money to complete the purchase, the owner, by consent of all of the parties in interest, conveying the property to the lender as security for the loan. In such a case, said the Supreme Court of California in Campbell v. Freeman, 99 Cal. 546, 34 Pac. 113—

"the grantee holds a double relation to the real purchaser; he is his trustee of the legal title to the land and his mortgagee for the money advanced for its purchase, and, as in the case of any other mortgage which is evidenced by an absolute deed, is entitled to retain the title until the payment of the claim for which it is held as security; and he may also enforce his lien by an action of foreclosure. The conveyance is none the less a mortgage because it was conveyed to him directly by a third party, to secure his loan to the purchaser for the amount of the purchase money, than if the conveyance had been made directly to the purchaser in the first instance, and the purchaser had then made a conveyance to him as a security for the money that he had previously borrowed, with which to make the purchase. He is regarded as holding the land in trust for the protection of the purchaser, but this rule is not to be so extended as to enable the purchaser to work him as injury. Equity looks beyond the form of a transaction, and shapes its judgments in such a way as to carry out, the purposes of the parties to the agreement, and to protect each of them against any unconscionable advantage to be derived from the apparent form in which their transaction has taken place. In the present case the title to the land which the plaintiff took from the grantor was held by him in trust for Anderson. This was a trust created by operation of law; but contemporaneously with the creation of this trust there was impressed upon the title, by virtue of the agreement between Anderson and the plaintiff, a lien in favor of the plaintiff for the money which he had loaned him with which to make the purchase, and also for such other moneys as he should afterwards loan or advance to him. It was competent for them to make such an agreement, and the agreement, when made, had the effect to render the conveyance to the plaintiff a mortgage to secure the loans advanced to Anderson. 'Any interest in property which is capable of being transferred may be mortgaged' (Civ. Code, § 2947), and if the transfer is made as security for the performance of an obligation, it is, in equity, a mortgage, irrespective of the form in which it is made. A deed, absolute in form, may be given as a security for future advances, without any accompanying obligation in writing on the part of the person giving the deed. Husheon v. Husheon, 71 Cal. 412 [12 Pac. 410]."

[2] We have, then, here a case, according to the allegations of the bill, where the legal title to the lands in question passed to the appellee Stephens with a resulting trust created by operation of law in favor of the appellant's assignor, the Central Counties Land Company, such title to be conveyed to the latter, or its assigns, upon the payment of the debt due from the Land Company to Stephens, as between whom the land was held by Stephens as security for the money loaned by him to that company, the deed thereto to be considered as a mortgage.

In such circumstances, we are of the opinion that the suit cannot be properly regarded as being based upon a chose in action, but that it is one to redeem. See Power & Irrigation Co. of Clear Lake, a Corporation, v. Capay Ditch Co., a Corporation, et al., 226 Fed. 634, —— C. C. A. ——, just decided.

The judgment is reversed, and the cause remanded for further proceedings in the court below.