## NEW ORLEANS CANAL AND BANKING COMPANY *v.* MONTGOMERY.

1. In the absence of proof to show when promissory notes were transferred by the payee, the law presumes that they were, when under-due, taken in good faith by the transferee, without notice of any infirmity attaching to them, and he is entitled to the benefit of the deed of trust given to secure them.
2. The trustee named in the deed is, like a mortgagee, a purchaser for value. Both occupy the same ground with respect to notice, either actual or constructive, of any outstanding equities.
3. Where, therefore, the records of the proper office showed that in 1866, when the deed was executed, there was no prior incumbrance upon the land, —. *Held*, that a party claiming under a deed executed and recorded in 1848, which he alleges was intended to embrace the same land, but which misdescribes it, which misdescription was not asserted in any judicial proceeding, nor notice thereof given before action commenced by the holders of said notes to enforce their trust, is not entitled to have his deed reformed against their intervening rights.

APPEAL from the Circuit Court of the United States for the Southern District of Mississippi.

The facts are stated in the opinion of the court.

Argued by *Mr. William A. Maury*, and submitted on printed

arguments by *Mr. Philip Phillips* and *Mr. Thomas Hunton* for the appellants.

No counsel appeared for the appellees.

Mr. Justice Swayne delivered the opinion of the court.

This is an appeal in equity. The appellants are the complainants in the bill. The facts material to the determination of the case lie within a narrow compass, and may be briefly stated. There is no controversy about them.

On the 22d of May, 1866, the appellee, A. B. Montgomery, was indebted to the firm of Estlin & Co., of New Orleans, in the sum of $158,777.55. He made his sixty promissory notes of that date, amounting in the aggregate to the sum named, all drawn to his own order, and payable, respectively, one, two, three, four, and five years from date, with interest until paid. The maker indorsed them in blank, and secured them by a deed of trust of certain lands therein described, situated in Washington County, Mississippi. He delivered the notes so indorsed and the deed of trust to Estlin & Co. They transferred the notes in the course of business to other parties. Portions of them are held by each of the several complainants. The bill was filed to enforce the deed of trust. It avers that a part of the notes are outstanding in other hands, but that the holders are unknown and cannot be ascertained. It sets forth that it is filed for the benefit of such parties as well as the complainants, and prays that the former may be permitted to come in and prove their rights, and participate in the avails of the decree.

The defendants in their answers set up another deed of trust, executed by A. B. Montgomery, on the 13th of July, 1848, to secure certain other liabilities of his therein set forth. The lands covered by this deed of trust were described as in *range nine*, while all those, except one tract embraced in the other deed, were described as in *range eight*. With this exception, the description in the earlier deed applied to the lands described in the later one. The defendants insisted that the number of the range in the first deed was a mistake of the scrivener who drew it, that the number was intended to be *eight* instead of nine; and they insisted that the instrument

should be reformed accordingly, and that the liabilities intended to be secured by it should be made the first lien upon those premises.  The court below decreed in conformity to this view, and the appellants thereupon removed the case to this court by appeal for review.  There is neither allegation nor proof that the complainants or the other holders of the notes delivered to Estlin & Co. had any notice of the alleged mistake when they took the paper, nor is there any aver-ment or proof of such notice to the trustee when the deed was delivered.  It is not shown by the proofs when the notes were transferred by Estlin & Co., nor when they came into the hands of the present holders.  In the absence of such proof, the law presumes they were taken under-due, in good faith, and without notice of any infirmity attaching to them. *Pinkerton* v. *Bailey*, 8 Wend. (N. Y.) 600; 2 Parsons on Bills and Notes, 9.  Estlin & Co., however, unquestionably so took them in fact, and this protects the subsequent takers.

The deed of trust securing the payment of the notes was an incident, and accessory to them.  The transfer of the notes carried with it to the transferees the benefit of the security. The trustee in such cases, like a mortgagee, is a purchaser for a valuable consideration.  Both occupy the same ground with respect to notice, actual and constructive.  It is that of a *bona fide* purchaser until the contrary is made to appear. *Carpenter* v. *Longan*, 16 Wall. 271.  Generally, the rules which apply to legal apply also to equitable estates.  *Croxall* v. *Sherard*, 5 Wall. 268.  Here the law of notice as to the trustee and *cestui que trust* is the same.

Neither actual nor constructive notice to the trustee, nor to Estlin & Co., nor to either of the other holders, in season to have any effect, is shown.

There are other considerations belonging to the subject which must not be overlooked.

When the notes and deed of trust were delivered, a thorough examination was made in the proper office, to ascertain if there was any prior incumbrance.  None was found.  In fact, none existed.  The prior deed described wholly different lands.  On the faith of this condition of things Estlin & Co. acted.  The misdescription in the prior deed was not asserted in any judi-

cial proceeding to which the trustee or any *cestui que trust* under the later deed was a party until it was put forth in this suit, which was instituted on the 7th of June, 1869, more than twenty years after the mistake occurred. As between Montgomery, the grantor in the prior deed, and the *cestui que trust* under that deed, the deed might have been reformed, and enforced as corrected. *Davenport* v. *Sovil's Heirs*, 6 Ohio St. 459. But this cannot be done against the intervening rights of others acquired in good faith. *Ohio Life & Trust Co.* v. *Urbana Insurance Co.*, 13 Ohio, 220.

Such a result would be contrary alike to the plainest principles of reason, justice, and the law.

*Decree reversed, and the cause remanded with directions to enter a decree and proceed in conformity to this opinion.*