ELIZABETH M. TOWNSEND, Appellant, *v.* WILLIAM H. HOOPER and WILLIAM JENNINGS et al., Respondents.

1. Purchaser of Real Estate without Notice.—A secret understanding or agreement between one who owns or holds the title to real estate, and one who claims to be his wife, that they should be partners in such real estate, does not bind or affect a purchaser thereof without notice.

2. Possession by Polygamous Wife no Notice.—The mere fact that a polygamous wife is present at a hotel, acting as housekeeper, is no notice of her rights or claims to an interest in the property, where the title to the same is in the name of her alleged husband.

3. Possession by Polygamous Wife no Notice.—Purchasers of real estate are not bound to take notice of a private agreement between the owner of such real estate and his polygamous wife, notwithstanding the presence and possession of such wife as housekeeper for the owner.

4. Mayor's Deed in Salt Lake City.—No witnesses are necessary to the execution of a mayor's deed in Salt Lake City. Such deed must be executed as pointed out by section 1166 of the Compiled Laws.

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the court.

*Sutherland, Brown & Van Zile,* for appellant.

A purchaser of the legal title, with notice of a prior equitable contract for the conveyance of the land, is bound to perform the contract. The holder of the legal title is treated as a trustee for the benefit of the party entitled, and may be decreed to specifically perform it. *School Dist.* v. *Mealon,* 4 Wis. 79; *Ten Eick* v. *Simpson,* 1 San. Ch. 244; *Linscott* v. *Dick,* 33 Me. 530.

Three things are necessary to constitute a *bona fide* purchaser. It must be alleged and proved (1) that he purchased what was supposed to be the legal title; (2) for a valuable consideration at the time of purchase; and (3) without actual or constructive notice of the plaintiff's prior equitable title.

1 Story's Eq. § 64, chap. 108, 381; 2 Ld. Cases in Eq. 67–69, 72, 73; *Grimstone* v. *Carter*, 3 Paige, 436.

Defendants Hooper and Jennings are not *bona fide* purchasers, and at most can only claim that they have succeeded to James Townsend's right.

They have not purchased the legal title. If the plaintiff's claim were denied, the case does not show them to have the legal title. It is admitted that the premises are included in a tract entered at the land office, at the Salt Lake town site, by the mayor of that city, November 21, 1871, and patented to him June 1, 1872.

He took title, by his entry and patent, as a statutory trust, and he had no power to convey, except upon an adjudication of the right of some person to receive it. His power to convey is given and regulated by statute; he was only authorized to convey after the Probate Court, in the exercise of a jurisdiction also statutory, had regularly awarded the land to a claimant. It is like a deed from a sheriff or master in chancery, which must be shown to be authorized by a judgment or decree; or like a deed from an officer, authorized, on certain proceedings, to convey lands for delinquent taxes. In the absence of a statute, and there is none here, making the deed evidence by recitals, or otherwise, of the proceedings upon which the power to make it depends, it is inoperative and void, unless those proceedings are proved; they are jurisdictional facts. *Williams* v. *Peyton*, 4 Wheat. 77; *Sea* v. *Morse;* *Jackson* v. *Hasbrook; Thatcher* v. *Powell*, 6 Wheat. 119; *Scott* v. *Detroit, etc.*, 1 Doug. 152; *Shriver's Lessee* v. *Lynn*, 2 How. 43; *Armstrong* v. *Jackson*, 1 Blackf. 210; *Sharp* v. *Speir*, 4 Hill. 86; *Atkins* v. *Kinnon*, 20 Wend. 241; *Ronkendorf* v. *Taylor*, 4 Pet. 349.

The recitals in the deed are not evidence as to strangers. 2 Whart. Ev. § 1041; *Whittaker* v. *Garnett*, 3 Bibb. 413; *Edwards* v. *Ballard*, 14 B. Mon. 290; *Smith* v. *Shackleford*, 3 Bush. (9 Dana,) 452.

For another reason this deed is insufficient to convey the

legal title; it has no subscribing witnesses. See C. L. p. 253, § 614, requiring all transfers to have two witnesses.

There is nothing in the Territorial Town Site Act which prescribes the formalities of the mayor's deed. It requires a deed. It is to be under the corporate instead of the private seal of the mayor. The requirement of a deed is one implying an instrument under seal, and it is required to be under the corporate seal to prevent any inference that another seal would suffice. Then the question is, how a deed for the conveyance of land is required to be made? It is not answered by any statute except that relating to transfers, requiring two witnesses and an acknowledgment. *Clark* v. *Graham*, 6 Wheat. 577; *French* v. *French*, 3 N. H. 234; *Rundlet* v. *Hodgman*, 16 N. H. 239; *Brown* v. *Eastman*, 16 N. H. 588; *Cram* v. *Ingall*, 18 N. H. 613; *Courcier* v. *Graham*, 1 Ohio, 330; *Patterson* v. *Pease*, 5 Ohio, 190; *Merwin* v. *Camp*, 3 Conn. 35; *Crane* v. *Reeder*, 21 Mich. 24–61.

The defendants had notice of plaintiff's rights. She was in possession when the first money was loaned by Hooper in 1868, and she has been in possession ever since. She was not only constantly there, personally, but she was in possession. The court below found that the contract was made between the parties, by which she was to have half of the real estate, also to have an equal interest in the hotel business. This business had been conducted by them for six years when the last deed was made, and nearly eleven years when the pretended sale under the trust deed was made. Whatever else may be said of her connection with the hotel, that contract is a fact not in controversy on this appeal, and likewise the fact that she was in the hotel during this time, in the very position and in the performance of the very part contemplated by that contract. Hence her occupancy was possession in her own right. She was in possession of the subject of her contract. It was an open, visible, notorious and conspicuous possession.

These defendants were familiar acquaintances.

Actual, open and visible possession by a party claiming

rights in real estate, is notice of those rights to any person purchasing or dealing with that property. *Gouveneur* v. *Lynch*, 2 Paige, 300; *Buck* v. *Halloway*, 2 J. J. Marsh, 180; *Johnston* v. *Glancy*, 4 Blackf. 94; *Grimstone* v. *Carter*, 3 Paige, 421; *Boggs* v. *Anderson*, 50 Me. 161; *Baldwin* v. *Johnson*, Saxton, 441; *Twiss* v. *George*, 33 Mich. 253; *Humphrey* v. *Monroe*, 17 Iowa, 195; *Eli* v. *Gridley*, 27 Iowa, 376; *Cavender* v. *Buttrel*, 8 Eng. 743; L. R. 7 Ch. 79; *Havens* v. *Bliss*, 26 N. J. Eq. 363; *Matthews* v.*Demerest*, 22 Me.; *Russell* v. *Sweeney*, 22 Mich. 235; *Monland* v. *Lemartin*, 4 Blackf. 383; *Dalton* v. *Warschauer*, 21 Cal. 609; *Daniels* v. *Davidson*, 16 Ves.; *Mumford* v. *Schwasser*, 11 Eng. 533.

It is not requisite that the mayor's deed should be attested by a witness; the act prescribing regulations for the execution of the trust, directs that such deeds shall be executed by the mayor under the seal of the corporation. C. L. art. 1166, § 1.

All the prerequisites, such as notice, adjudication, etc., are presumed to have been complied with. *Cofield* v. *McClelland*, 16 Wall. 335.

The plaintiff having alleged legal title in Townsend, which was admitted, and having put the deed in evidence, is precluded from controverting the fact, and is not in a position to complain of the finding as error.

Furthermore, the form and purpose of the bill, as disclosed in the prayer, is to compel these respondents and Townsend to convey the legal title to her; an impossibility if the legal title had never passed out of the mayor.

Even if it were true that the legal title had never passed to Townsend from the government, the mortgages, liens and deeds would operate effectually upon the possessory right and title. It is well settled that when a citizen enters into possession of public land, and subjects it to his own use, he will be treated in all respects and against all persons, except only the government, as the true owner, until he disposes of or abandons his right, and the right is subject of sale and mortgage. *Doran* v. *C. P. R. R.*, 24 Cal. 245; *Moon* v. *Rollins*, 36 Cal.

353; *Richardson* v. *McNulty*, 24 Cal. 345; *Crandall* v. *Woods*, 8 Cal. 136; *Lamb* v. *Davenport*, 1 Sawyer, 621, 622; *Treadgill* v. *Pintard*, 12 How. 24.

*Rosborough & Merritt* and *Williams & Young*, for respondents.

The appeal is from both the judgment and the order denying a new trial. But no statement on appeal was ever served, agreed upon or settled herein; hence no question is before the court, except such as arose on the application for a new trial. *Kerr* v. *Clampit*, 5 Otto, 188; *Casgrove* v. *Howland*, 24 Cal. 457.

The record does not show any exception taken in the court below to the order denying a new trial; both the order and the exception must be embodied in a statement in order to have the same reviewed; minutes of the clerk or copies by him of intermediate orders are not sufficient. *Harper* v. *Minor*, 27 Cal. 109.

Plaintiff having a husband living, and having lived and cohabited with Townsend for years, any contract based in whole or in part on the consideration that she should stay with him and continue to assume such relation, is scandalous, immoral and void, such as a court of equity will not enforce.

She having held herself out to the world as the wife of Townsend, though the relation was illegal and void, she is estopped from denying the assumed fact, and from founding a claim on a different status. *Divole* v. *Leadbretter*, 4 Pick. 220.

Silence or acquiescence, especially where long continued, as in this case, works an estoppel, as effectually as words or acts could do. A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action against the person whom he has himself assisted in deceiving. *Gregg* v. *Wells*, 10 Ad. & E. 90; 48 Ga. 100.

We cite the following further authorities upon the general principle of equitable estoppel by conduct, silence or acquiescence. *Wendell* v. *Van Rensselaer*, 1 John. Ch. 344; *Town* v. *Needham*, 3 Paige, 533; *Tilton* v. *Nelson*, 27 Barb. 595.

The rule is equally binding on a meritorious equity founded upon a private agreement for a valuable consideration. *Kesner* v. *Trigg*, 8 Otto, 50; *Carey* v. *White*, 9 Lans. 1.

The debt to Hooper was the principal, the security was an incident, and the notes were merely the evidences of the debt. All the notes were given for the same indebtedness, and all the trust deeds were executed to secure the one debt. In equity, the securities being for the same indebtedness, will be treated as an unit, and held as an unit, and held as continuing as long as the debt. A renewal of these evidences of the debt, made necessary by the statute of limitations, or the taking of a new mortgage, does not affect the lien of the security from the beginning. Hill. on Real Prop. 419–424, § 28; 1 Free. Ch. 79; 1 Hill. on Mort. 448, and note *d*, 449; 8 Pick. 522; 16 Pick. 22; 9 Mass. 242; *Bernheisel* v. *Firman*, 22 Wall. 170, and authorities cited.

The contract relied upon in the evidence was for the purchase of an interest in land, and being verbal, according to showing, is void, under the act of January 18, 1855. C. L. art. 613.

Appellant never had any possession of the premises. She says she went into possession in 1866, but confessedly she was taken there by Townsend at that time, as his plural wife, and was there for a year before the pretended contract. Her subsequent residence there is impressed with this continued character, and the more strongly because both of them confess to the fact of the concealment of any change, and to an extraordinary, if not incredible, course of conduct for the purpose of such concealment. *McMahon* v. *Griffing*, 3 Pick. 149.

If Townsend is "simple minded," as represented by appellant's counsel, he has not proved the fact by that quality which is said to come naturally from children and fools—

truth. If under any undue influence at all, it has been that of a scheming, intriguing woman, to whom he turned from his lawful wife, and for whom he has stultified himself by falsifying eleven years of his acts and life for the purpose of defrauding the respondents out of their just rights. Uxorious he may be, for he could not be " off with the old love," (not for his wife,) though he was bound to be " on with the new," and, whatever the result of the suit, he can still have the gratification of pathetically repeating to the plaintiff the ardent words which she heard from him of old, (87) " now, Elizabeth, I can't bear to part with you."

BOREMAN, J., delivered the opinion of the court:

One James Townsend owned certain real estate, hotel property, and gave a deed of trust thereon to secure the payment of several of his promissory notes to respondent Hooper. The notes were not paid, and the trustees sold the trust property at public sale, in accordance with the deed, and William Jennings, one of the respondents, became the purchaser. The validity of these transactions is not questioned herein by said James Townsend, but Elizabeth M. Townsend has claimed a half-interest in the property, and brought this suit to recover that interest.

Judgment of the District Court was for the defendants, and the motion for a new trial was overruled; the plaintiff has appealed to this court.

The appellant bases her claim to the half interest upon a secret agreement between herself and said James Townsend, whereby she was to be his equal partner in the hotel business and to own one-half of the property. This was a private, secret compact, which the parties thereto did not desire the public to know anything of, and both said James Townsend and the appellant testify they purposely sought to conceal from the public the existence of it. Judging from the evidence in this case they effectually succeeded, and not only the public generally, but respondents Hooper, Jennings and

Roberts, as well as the trustee, were in total ignorance of the existence of any such agreement, or of appellant's claim of interest, until after the trustee's sale and the payment of the purchase money.

Now, however, the appellant comes forward and alleges that these respondents, Hooper and Jennings, as well as Roberts, were bound in law to take notice of this secret partnership agreement, notwithstanding her and said James Townsend's efforts to conceal it, and that they obtained their interest subject to her rights. There is no pretense that said respondents had any actual notice of the agreement, but only that her course and conduct were sufficient to notify them of its existence The title to the property was in James Townsend; the claim for deed from the mayor under the Town Site Act, and the deed of the mayor were in his name; the business of the hotel was carried on and advertised in his name; the relations between said James Townsend and said appellant, so far as the public were concerned, were no different after the making of the agreement from what they were before its making, and there was no change in her conduct about the hotel, so far as the public could know, after the making of the agreement from what it was before its making, and the agreement itself was not of record anywhere, nor ever reduced to writing. The appellant knew of these debts for some years, but did not see proper to to notify the owners of the claim that she had any interest, or that she claimed any interest in the property, until after the trustee's sale and the purchase by Jennings. The fact that appellant was the polygamous wife of said James Townsend could give her no advantage, nor be the basis of any claim to to the property. If it served any purpose, it was to aid her and James Townsend to more effectually conceal the secret partnership agreement, but she cannot claim any benefit from her own wrong. The fact that she was the housekeeper at the hotel would give no notice to the public that she had any interest beyond that of a housekeeper. It would not lead the public to believe that she owned or claimed any interest in

the property, or that she was in possession of it. So far as the public is concerned, she claimed no possession, either as partner or otherwise. The character of the business, and her relation thereto, continued after the agreement just as before it.

With all these facts in view, the respondents Hooper and Jennings and Roberts, were not bound to take congnizance of the existence of the partnership arrangement between the appellant and James Townsend. The rights of the said respondents could not be affected by the agreement; they stood as purchasers for value, and acted in good faith, and the fault was that of the appellant in concealing the agreement. The trustees were purchasers for value. *New Orleans C. and B. Co.* v. *Montgomery*, 95 U. S. 16.

It is alleged that the mayor's deed to James Townsend is not valid because it is not witnessed, and the acts preceding it are not shown. It would signify nothing to the appellant, it would seem, whether the deed was valid or not, as she claims through James Townsend, by contract with him. But the deed is not invalid; no witnesses were necessary. The statute points out how such deeds shall be made and acknowledged. C. L. (1166) § 1. And it was *prima facie* evidence that the probate judge had done all that was necessary to its execution. *Cofield* v. *McLelland*, 16 Wall. 335.

If it were alleged and true that the interests of Jennings, Hooper et al., respondents, arose out of a fraud, or were in effect a fraud upon the appellant, she has rested too long from the assertion of her rights, and they are now barred by the statute of limitations. C. L. p. 366, (1110.) Besides, there was no objection at the time to the introduction of the deed in evidence.

We, therefore, see no error in the judgment of the court below, or in the order overruling the motion for a new trial.

The judgment and order overruling the motion for a new trial are affirmed, with costs.

HUNTER, C. J., and EMERSON, J., concurred.