### O'ROURKE v. WAHL.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1901.)

No. 754.

MORTGAGE—FRAUDULENT PROCUREMENT—BONA FIDE PURCHASER.

Defendant signed and indorsed negotiable notes payable to her own order, and signed, but did not acknowledge, a trust deed securing the same. She then delivered the papers to the clerk of the trustee named in the deed, in the belief that he was the clerk of her attorney, by whom they were prepared, directing him to tell the attorney to keep the same until she called to acknowledge the mortgage and receive the money. The clerk, by direction of the trustee, filled out and certified to the acknowledgment as notary, and the trustee negotiated the paper to a broker and converted the proceeds. The notes were subsequently sold to complainant, who was a bona fide purchaser for full value and before maturity. Held, that both notes and mortgage were valid and enforceable in the hands of complainant; the same rule governing the notes as commercial paper being applicable to the mortgage, as an incident thereto.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

This suit was brought to foreclose a trust deed upon certain real estate in the county of Cook, state of Illinois, executed on the 16th day of November, 1897, by the appellant, Ida O'Rourke, to Cornelius Flood, as trustee, and David J. Thompson, as successor in trust, to secure her promissory judgment note of that date for the sum of $3,500, payable to her own order, and by her indorsed, due five years after date, with interest semiannually, according to 10 coupon interest notes, each for $105, signed by her, payable to her own order, and by her indorsed, and due, respectively, on the 16th days of May and November in each year during the running of the note. The defense was a denial of the execution and delivery of the notes and trust deed. In the court below the cause was referred to a master, who reported the evidence and his conclusions of law, finding for the complainant. Exceptions to the report were overruled, and on July 26, 1900, a decree was rendered for the complainant below, from which this appeal is taken. The facts touching the execution of the notes and trust deed are accurately stated by the

master, and may be summarized as follows: The appellant desired a loan of $3,500 upon the property described in the trust deed, and applied to one David J. Thompson, an attorney, who undertook to procure such loan. Subsequently the notes and trust deed were made out and placed in the hands of Flood, the trustee named in the trust deed, who sent his clerk to the appellant with a letter from Thompson requesting her to sign and indorse the notes and trust deed. The appellant executed and indorsed the notes, and signed the trust deed, but declined to acknowledge it, and delivered the papers to Walsh, whom she supposed to be the clerk of Thompson, with directions to hand them to Thompson, and to tell him to keep the papers safe in his vault until she should call and go with him to get the money upon them, and that she would then acknowledge the trust deed. Walsh, upon the direction of Flood, filled up and executed the acknowledgment and delivered the papers to Flood, who negotiated and sold them to a firm of brokers for $3,515.75, which was actually paid by them to Flood. On December 12, 1897, the appellee purchased the securities of the brokers, paying the full face value of the principal and accrued interest, and without notice of any equities existing in favor of the maker. Flood converted the proceeds to his own use, and the appellant has received no part of the proceeds from the sale of the securities.

David Sullivan, for appellant.
A. W. Buckwood, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge, after the foregoing statement of the case, delivered the opinion of the court.

The law is well settled that the rights of a bona fide purchaser of negotiable paper procured by fraud or issued in violation of authority will be protected. Delivery, actual or constructive, is indeed essential to the validity of every contract; but in respect of negotiable paper not in fact delivered, and obtained through fraud from the maker, where he has given to it the appearance of validity, he is, as against a bona fide holder for value before maturity, held bounden upon it. And so where the maker has intrusted a negotiable instrument signed by him to another, and that other has fraudulently issued it, and it has come to the hands of a bona fide holder for value, the maker is bound, because he created the agency or trust through which the fraud was committed. The doctrine proceeds upon the equitable principle that, when one of two innocent persons must suffer from the wrong of a third, he whose act has opened the door to the fraud should bear the loss, and he is equitably estopped to deny delivery. With respect to a mortgage securing a negotiable note so fraudulently issued, there is possibly room for doubt, since a few courts hold that the rule stated does not apply, and that such security is taken subject to the equities existing between the parties to the instrument. The generally accepted doctrine is, however, to the contrary, and is upheld by the supreme court of the United States. The debt is the principal thing; the mortgage, the incident. The transfer of the note carries with it the security, without formal assignment or delivery, and the assignee has the same rights as to both. Carpenter v. Longan, 16 Wall. 271, 21 L. Ed. 313; Kenicott v. Supervisors, 16 Wall. 452, 21 L. Ed. 319; Sawyer v. Prickett, 19 Wall. 146, 166, 22 L. Ed. 105; Banking Co. v. Montgomery, 95 U. S. 16, 18, 24 L. Ed. 346; Chicago Ry. Equipment

Co. v. Merchants' Nat. Bank, 136 U. S. 268, 283, 10 Sup. Ct. 999, 34 L. Ed. 349. Here the appellant purposely and deliberately signed negotiable paper, and the trust deed securing it. She, through a deceit practiced upon her, delivered the security to the clerk of the trustee named in the deed, supposing him to be the clerk of her attorney, to hand to Thompson, her attorney, for safe-keeping. She was the victim of an infamous fraud. The clerk by direction of the trustee filled up, and as notary signed, the acknowledgment of the deed, and handed it to his principal, the trustee, who negotiated the securities upon the market, and they were eventually and before maturity bought by the appellee, confessedly a bona fide purchaser for value. Through the act of the appellant in delivering possession of the document to the clerk of the trustee named in the trust deed signed by her, she put it in the power of the trustee to defraud. It is a hard case. One of the two—the maker or the holder of this negotiable paper—must suffer. The loss, under the law, must fall upon the one whose act clothed the trustee with power to make that wrong effective. The decree is affirmed.