PENINSULA BANK OF WILLIAMSBURG, VA., et al. v. WOLCOTT et al.

In re RICHARDSON et al.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1916.)

No. 1368.

1. BANKRUPTCY ☞166(3)—DEEDS OF TRUST—VALIDITY.

Where a new note secured by a deed of trust was taken by a bank in part satisfaction of an old debt, the bank does not obtain priority by the deed of trust; it having knowledge that the debtor, who was adjudged a bankrupt in less than four months, was then in failing circumstances.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250, 251, 255, 257; Dec. Dig. ☞166(3).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. BANKRUPTCY &#9750;166(3)—BONA FIDE PURCHASERS—NOTICE OF INSOLVENCY OF MAKER.**

Where a bank in due course of business, without notice that the makers were insolvent, took notes secured by a deed of trust, the fact that the makers were adjudged bankrupts within less than four months does not impair the security.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250, 251, 255, 257; Dec. Dig. &#9750;166(3).]

**3. MORTGAGES &#9750;258—BONA FIDE HOLDER OF NOTES—PRIORITY.**

A bona fide holder of notes secured by deed of trust takes the deed freed from defenses which might have been urged against the original mortgagee and holder of the notes; the deed being treated as the notes.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 689–691; Dec. Dig. &#9750;258.]

**4. BANKRUPTCY &#9750;299—ACTIONS—NECESSARY PARTIES—WHO ARE.**

The bankrupts, who were indebted to another firm, executed notes secured by a deed of trust. These notes were indorsed by a single member of the creditor firm, and were negotiated with two different banks, one of which banks already held a note of the bankrupts, which the creditor firm had indorsed to it. *Held,* that the court of bankruptcy had jurisdiction of a proceeding to set aside the deed of trust, though all members of the creditor firm were not parties; only that member who indorsed the second note being a party.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448; Dec. Dig. &#9750;299.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of the bankruptcy of R. H. Richardson and others, partners trading as R. H. Richardson & Sons, and as individuals. Proceeding by Edward W. Wolcott and others, trustees of the bankrupt's estate, against the Peninsula Bank of Williamsburg, Va., and others, to set aside a deed of trust as a preference. The referee found the trust deed to be a preference, and from a decree upholding his finding the defendants appeal. Modified.

Frank Armistead, of Williamsburg, Va., for appellants.

Sidney J. Dudley, of Hampton, Va., and Harry K. Wolcott, of Norfolk, Va. (Wolcott, Wolcott, Lankford & Kear, of Norfolk, Va., on the brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. On April 2, 1913, R. H. Richardson & Sons, were adjudged involuntary bankrupts. In the course of the proceedings an attack was made by creditors on a deed of trust in the nature of a mortgage of a tract of land executed by Richardson & Son to secure notes now held by the Bank of Williamsburg for $1,800 and by the Peninsula Bank of Williamsburg for $1,000. The referee reported the deed of trust altogether invalid as an illegal preference, and this finding was confirmed by the District Court.

Richardson & Sons were contractors and bought lumber from Bozarth Bros., lumber dealers, for which they were indebted on December

---

&#9750;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

30, 1912, to the amount of $2,800. This debt was represented by an open account of $800 and a note or notes given by Richardson & Sons to Bozarth Bros. for $2,000, and indorsed by them to the Peninsula Bank. At this time Richardson & Sons had become involved by reason of the establishment in legal proceedings in a state court of a debt of $9,000 against them in favor of William H. Hayden, Jr. This adjudication however had not been so entered on December 30, 1912, as to become a judgment lien on the real estate of the members of the firm of Richardson & Sons. In this condition of its affairs, R. H. Richardson, a member of the firm, executed a deed of trust to Thos. W. Shelton, trustee, dated December 30, 1912, covering a lot in Newport News, to secure "the holder or holders" of three promissory notes of the firm for $1,500, $1,000 and $300. At the same time Richardson & Sons made the notes called for by the deed of trust, payable to their own order. The Peninsula Bank discounted the note for $1,000 with the indorsement of W. A. Bozarth, a member of the firm of Bozarth Bros.; but being short of funds it requested W. A. Bozarth to have the other notes discounted at the Bank of Williamsburg. W. A. Bozarth took the two notes for $1,500 and $300 to the Bank of Williamsburg, and, having indorsed them, received the proceeds from that bank. All the money received was applied to the payment of the note or notes of Richardson & Sons for $2,000 held by the Peninsula Bank and the account of Richardson & Sons with Bozarth Bros.

[1] W. A. Bozarth testified that he had no notice of the insolvency of Richardson & Sons. R. V. Richardson, of Richardson & Sons, testified, on the contrary, that when the new notes and the deed of trust were made both W. A. Bozarth and the Peninsula Bank knew his firm was in "failing circumstances." Under this evidence the finding of the referee, concurred in by the District Judge, that Bozarth Bros. and the Peninsula Bank had reasonable cause to believe that Richardson & Sons were insolvent when they took the security, cannot be disturbed. The Peninsula Bank having taken the new note and the security, the trust deed, in part satisfaction of its old debt, with good reason to believe that the mortgagors were insolvent, the deed of trust cannot stand in its favor against creditors of the same class.

[2, 3] The Bank of Williamsburg stands on a different footing. There is no evidence that it had any notice of the insolvency of Richardson & Sons, or that it did not take the notes for $1,500 and $300 in good faith in the usual course of business. The notes were negotiable, and the Bank of Williamsburg took and held them as bona fide indorsees. This indorsement carried with it the security of the deed of trust. The authorities at one time were in serious conflict on the question whether the indorsee of a negotiable note took the mortgage given to secure it subject to defenses which might have been set up against the original mortgagee; but it is now well settled by the great weight of authority that the indorsee of a negotiable note takes the mortgage given to secure it, if valid on its face, as he takes the note, freed from defenses which might have availed against the original mortgagee. Carpenter v. Longan, 16 Wall. 271, 21 L. Ed. 313; Kenicott v. The Supervisor, 16 Wall. 452, 21 L. Ed. 319; Sawyer v. Prickett, 19 Wall.

146, 22 L. Ed. 105; New Orleans Co. v. Montgomery, 95 U. S. 16, 24 L. Ed. 346; Chicago Railway Equipment Co. v. Merchants' Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349; Cudahy P. Co. v. State Nat. Bank, 134 Fed. 546, 67 C. C. A. 662; Nashville Trust Co. v. Smythe, 94 Tenn. 513, 29 S. W. 903, 27 L. R. A. 663, 45 Am. St. Rep. 748, and note.

It seems that the precise point has not been decided in Virginia, though the case of Carpenter v. Longan, supra, was cited as authority in Stimpson v. Bishop, 82 Va. 190. The case of Evans v. Roanoke Savings Bank, 95 Va. 294, 28 S. E. 323, has only an indirect if any bearing on the question. There it was held that a satisfaction entered on the record of a deed of trust by the payee of the note secured by it was effectual against the indorsee of the note in favor of a subsequent encumbrancer of the property without notice that the original payee had parted with the note. But this conclusion was reached on the ground that section 2498 of the Code of Virginia provided that effectual satisfaction could be so entered. In the case now before us there was no release and the statute referred to has no application.

[4] There is no force in the position that the court cannot pass on the validity of the deed of trust because Bozarth Bros. are not parties to the proceedings. The Peninsula Bank and the Bank of Williamsburg are the sole owners of the deed of trust and the notes it was intended to secure, and W. A. Bozarth is the indorser liable to the banks. Hence the banks and W. A. Bozarth are the only parties necessary to have before the court in determining the validity of the security. It is true a claim may be made to require Bozarth Bros. to refund the money received on their debt from the Bank of Williamsburg, and it may have been better to have Bozarth Bros. before the court to the end that all possible questions might be decided in one decree. But that point was not involved in the issue of the validity of the deed of trust. Should the creditors seek to have refunded the sum of $1,800 received by Bozarth Bros. from the Bank of Williamsburg, it will be time enough to bring in Bozarth Bros. as parties so that they may be heard on the claim against them.

The holding that the deed of trust is valid as a security for the notes held by the Bank of Williamsburg, makes unnecessary in this proceeding consideration of the question whether there are any other creditors in the same class with the preferred creditors who would be affected by the preference, since the property covered by the deed of trust has been sold and the proceeds $2,000 will not be more than sufficient to pay the notes held by the Bank of Williamsburg. This conclusion will exclude Wm. H. Hayden, the judgment creditor, from participation in the fund, and we shall not anticipate any issue that may arise between other parties.

The result is that the deed of trust to Thos. H. Shelton is adjudged a valid security as to the notes held by the Bank of Williamsburg, and invalid as to the note held by the Peninsula Bank against creditors of the same class; and the decree of the District Court is modified accordingly.

Modified.