[No. 14566. Department Two. September 3, 1918.]

PHILIP ZURFLUH, *Appellant,* v. BERT HARTMAN *et al.,*
*Respondents.*[1]

MECHANICS' LIENS — PRIORITIES — ACTUAL NOTICE OF MORTGAGE — EVIDENCE. Plaintiff, foreclosing a mechanics' lien, and notified by letter of a superior mortgage, may rely upon an abstract of title and the assurance of the county auditor that there was no such mortgage of record, as a sufficient excuse for not making the mortgagee a party to the action.

SAME — PRIORITIES — ERRONEOUS MORTGAGE — EQUITIES. Where a prior mortgage misdescribed the property upon which mechanics' liens were claimed and foreclosure started, the mortgagee is, as against the innocent lienors, charged with notice of the state of the record, and was.bound to set up his mortgage by intervention in the lien foreclosure; and if the equities were equal, he must answer for the oversight as the one first in error.

MORTGAGES — CONSTRUCTIVE NOTICE. That a certain addition to a town plat had no block "D", while the town plat did have, is not sufficient to charge one searching the records with notice that a recorded mortgage upon block "D" in such addition was a mistake and was intended to be upon block "D" in the original plat.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered November 7, 1917, upon findings in favor of the defendants, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Fred M. Bond,* for appellant.

*Lockerby & Wright,* for respondents.

CHADWICK, J.—In June, 1916, the defendant Bert Hartman entered into negotiations with Leudinghaus

[1]Reported in 174 Pac. 963.

Brothers for the purchase of lumber and materials for the construction of a building. His negotiations were conducted upon the theory that he would want time for the payment of his account. In a later conversation it was agreed that he would pay cash for the lumber and material. Hartman—and in this he is corroborated by his brother—says that he told Mr. Leudinghaus that he had to borrow the money from his father-in-law and that he thinks he told him that he intended to give a mortgage upon the property upon which the house was to be built. This conversation is denied by the member of the firm who conducted the negotiations. Leudinghaus Brothers furnished the material, the whole of which was delivered between the 11th day of July and the 24th day of August. The account amounted to $1,063.89. Hartman paid $703.83, leaving a balance of $360.06. On the 20th day of October, 1916, Leudinghaus Brothers filed a lien for the balance due, and within eight months began an action to foreclose their lien. The property owned by Hartman was lot 2, in block D, of the town of Lebam, Pacific county, Washington. On the first day of July, 1916, Hartman and his wife executed and delivered a mortgage in the sum of $1,200 in favor of his father-in-law, the plaintiff in this case. The integrity of this transaction is not questioned. For some reason not made clear by the record, the mortgage was not acknowledged until the 5th day of September, 1916. It was recorded on the same day. Early in October, Leudinghaus Brothers wrote to Hartman asking that the bill be paid. Hartman replied under date of October 14th, saying:

"Dear Sirs: I am very sorry but I cannot give you the first mortgage on my building and lots. My father-in-law has the first mortgage on them. But there might be some other way of fixing the papers."

Leudinghaus Brothers replied as follows:

"Dear Sir: We were very much disappointed to learn that you did not keep your agreement on the lumber bill furnished you, when you agreed to pay cash, and also that you had already given a first mortgage on the property.

"We feel that you should make out the insurance policies to us, if not all, at least enough to cover our interest in the building. If you have the insurance all placed you might have one policy assigned to us. The agent who wrote your insurance will attend to this for you. You realize that we must have some security. Will you do this and oblige."

The scrivener who drafted the mortgage made a mistake in the description of the property and described it as follows: Lot 2 of block D, *Patton's Addition to* the town of Lebam. Prior to beginning the action to foreclose, counsel for Leudinghaus Brothers had an abstract prepared. It did not show plaintiff's mortgage. While the action was pending, the attorney for Hartman wrote to the attorneys for Leudinghaus Brothers at Seattle, saying:

"In the foreclosure of your lien in the case of Leudinghaus as plaintiffs and Bert Hartman as defendant, will say that I understand a party by the name of Zurfluh has a $1,200 mortgage upon this property, and I see that you have not made him a defendant, so I was wondering if that, as his mortgage was prior to your lien, and the money furnished and delivered prior to the furnishing and delivering of material, and that as his mortgage is superior to their lien, that whether you had left him out purposely, or whether you had overlooked the fact . . . I am representing Hartman and also Zurfluh, who has the $1,200 mortgage."

The next day, counsel for Leudinghaus Brothers replied as follows:

"Leudinghaus v. Hartman

"We have yours of yesterday concerning the above entitled case. We note particularly what you say con-

cerning a mortgage to Zurfluh. Before commencing action we had Mr. Mills prepare us an abstract commencing with the conveyance to Gibson, November 18, 1909, and this abstract shows no such mortgage as you mention. Will you kindly send us full particulars, including the date of the mortgage and the date and place of record. It may be that we shall wish to make him a party.''

To this letter the attorney for Hartman, and who was at the time, and is now, attorney for the plaintiff in this case, made no reply. The attorneys for Leudinghaus Brothers had theretofore obtained the abstract, and had also written to the county auditor asking that he advise them ''what transfers, mortgages or other liens have been filed in your office subsequent to July 10, 1916, affecting the title to lot 2, block D, town of Lebam.'' This letter brought the following reply: ''No transfers of any kind have been recorded since the deed of Joseph Gibson, 1911. Our record shows no change to date.'' Some correspondence was carried on tending toward a settlement. On May 10, 1917, the attorney for Hartman wrote to counsel for Leudinghaus Brothers at Seattle, as follows:

''My Dear Sir: Mr. Zurfluh, who is the father-in-law of Mr. Hartman, states that if you wish to accept $360 in cash that he will furnish the money and pay the claim off, but that is all that he will pay, and he says that he has taken the matter up with the carpenters, and they say that the lumber company sent them lumber and stuff that they did not want, and which was of a different value and a poor grade. Mr. Zurfluh has been doing business with me for the last year and I believe that he is a perfectly conscientious fellow, and it is up to you to accept this amount or not. Yet I am satisfied that it is the best he will do without a lawsuit. Would you let me know how you feel about this matter, and oblige.''

This was referred to their clients on the 14th day of May. On May 31, the present attorney for the plaintiff filed an appearance for Hartman and made demand for a bill of particulars. Judgment was thereafter entered, whereupon plaintiff brought this action to reform and to foreclose his mortgage.

It is the contention of counsel that the mortgage is a superior lien for the reason that Leudinghaus Brothers had both actual and a constructive notice of the mortgage, and further, that, having actual and constructive notice, they are now estopped to set up the priority of their lien and judgment, because they did not make appellant a party to the foreclosure proceeding. We think the contention that Leudinghaus Brothers had constructive notice of the mortgage may be dismissed without consideration. Nor do we think that they can be charged with actual notice, or if they are to be so charged, they have overcome the burden of inquiry that the law puts upon one having information of a transaction which might affect his rights by the pursuit of the full measure of diligence which the law requires. The record of a mortgage in which property is misdescribed may be sufficient notice, whether it be called actual or constructive, if the party interested should see or know of the record. At any rate, it may be so admitted. But it is not contended that Leudinghaus Brothers either saw or knew of the record in which the property was misdescribed. Consequently, the only thing that would put them upon inquiry is the letter of Hartman written October 14 in which he says that he had mortgaged the property to his father-in-law, and the letter of the attorney for appellant in which he says that he understood "a party by the name of Zurfluh has a $1,200 mortgage upon this property." It would seem that an abstract of title and the assurance of the county auditor that there was no such

mortgage of record, coupled with a letter from plaintiff's attorney in which he says that he "understands" that there is a mortgage, when he was at the time retained as an attorney to protect the interests of plaintiff and must have actually known of the mortgage at the time the letter was written, is enough to excuse Leudinghaus Brothers from the duty that was upon them to make all known lienholders a party to the action. *New Orleans Canal & Banking Co. v. Montgomery*, 95 U. S. 16.

We feel that the equities preponderate in favor of the lienholders. Plaintiff seeks to estop them because (a) they should have known of the mortgage, and because (b) the record, by misdescription, was constructive notice; and for either ground they cannot now assert their lien, not having made the mortgagee a party to the foreclosure proceeding. We have shown that they made sufficient inquiry to excuse the burden of actual notice; and as for the other ground, it was the duty of plaintiff, the law charging him as against third parties with a knowledge of the state of the record and the mistake (although it was not discovered by any one until after he brought this action), to set up his mortgage by intervention in the lien foreclosure. To hold otherwise would be to excuse him and put the burden of his error upon innocent lienholders for value. It goes without saying that, had plaintiff or his attorney known of the misdescription, he would have saved this lawsuit by an intervention.

If not preponderating, the equities are at least equal, and, in such cases, the one first in error should be the first to answer for his oversight.

Plaintiff urges further that it is conceded that Patton's addition to the town of Lebam did not have any block D, and that the town of Lebam did have a block D, and that this was sufficient to put Leudinghaus Broth-

ers on notice of the fact that there was a mistake and that the property actually intended to be charged was in block D of the town of Lebam. This might be so if Leudinghaus Brothers or their attorneys had actually seen or known of the record, but no cases are cited, nor do we think any will be found, that would charge one who is searching the records to a comparison of the blocks and lots in an addition either with the lots and blocks in an original town plat or with other additions. It is enough if the searcher finds the record covering the particular property in which he is interested.

Affirmed.

MAIN, C. J., MOUNT, MACKINTOSH, and HOLCOMB, JJ., concur.