[Civ. No. 8229.  First Appellate District, Division Two.—March 31, 1932.]

EDWARD B. DEMENT et al., Plaintiffs, v. WILLIAM T. PIERCE et al., Appellants.

Sheridan, Orr, Drapeau & Gardner for Appellants.

Pierce & Gould and James C. Hollingsworth for Respondents.

TUTTLE, J., *pro tem.*—This is an action brought to quiet title to real property and for other relief. Judgment went for plaintiff, Edward B. Dement, and the appeal is from said judgment.

The facts of the transaction which lead to this action are numerous and involved. We will, therefore, confine ourselves only to those circumstances which are essential to a proper disposition of the case. We are using a singular "plaintiff" throughout the opinion as the judgment and findings bear the name of Edward B. Dement as the sole plaintiff.

On the nineteenth day of April, 1923, defendant Arcade Building Company was the owner of certain land in Ventura County. Upon that date said defendant executed and delivered to one Orr a contract for the purchase of said property upon time payments. Thereafter Orr assigned said contract to respondent Dement, who moved upon the property and resided thereon at all times mentioned in the action. Following this, Dement entered into an oral contract with

defendant Pierce to the effect that the latter was to build a house upon the northeast quarter of said land worth $3,200. He was also to pay $1600 in cash; build three similar houses upon the remaining three-quarters of the lot; put in cement sidewalks, and thereafter Dement *agreed to convey all of said lot, excepting the northeast quarter, to Pierce.* The latter also agreed to pay to Arcade Building Company the balance of the purchase price for the lot amounting to $1090.

Pierce proceeded to pay up in full the amount due upon the purchase price of the lot and secured a deed to *himself* from the Arcade Building Company, covering the entire lot. He then borrowed from appellant Lumber Company, through trust deeds, the sum of $2,000 upon each quarter of the lot. He also sold two of the lots to other parties. He then recorded a deed to Dement (without the latter's knowledge) covering the house and lot upon the northeast quarter, which recited that it was subject to a trust deed in favor of the Lumber Company in the sum of $2,000. This deed was *recorded May 13, 1926,* but was not delivered to Dement until *August 14, 1926.* Then, and for the first time, Dement learned that the Arcade Building Company had conveyed the property to Pierce, and that the deeds and trust deeds mentioned had been executed. The sum of $1600 was never paid to Dement. The deed from Arcade Company to Pierce was executed without the knowledge or consent of Dement, as were also the deeds of trust. The foregoing facts appear in the complaint and are found to be true by the trial court.

The judgment quieted the title of Dement to the northeast quarter of said lot and decreed that appellants had no right, title or interest therein. This was all the relief granted. This appeal is prosecuted by and in the interest of Peoples Lumber Company, whose $2,000 deed of trust upon this portion of the lot was, in effect, annulled and wiped out by said judgment. Defendant Pierce does not appeal.

It is first contended that the complaint does not state a cause of action for the reason that plaintiff's title was equitable and not legal. It must be remembered that this question was raised by the Lumber Company alone, whose sole interest in the property, if any, arose out of a deed of trust running in its favor. ■ It is true, as appellant points out, that an action to quiet title cannot be maintained by the

owner of an equitable interest against the owner of the *legal title*. (*Chase* v. *Cameron,* 133 Cal. 231 [65 Pac. 460].) But here the situation is different, in that the equitable owner is seeking to have his interest declared paramount to that of the holder of an equitable claim (i. e., a lien) against the property. That portion of the decree which quieted the title to the property did not concern appellant Lumber Company. The latter was only concerned with the portion of the judgment which declared that it had no interest in the property. The question might have been raised by the owner of the legal title, but he is not before this court. ▪ The facts upon which plaintiff's claim is based are fully set forth, and the remedy of determining the priorities of opposing equities may be pursued whenever equitable considerations require it, and the pleadings and proof justify it. (*De Leonis* v. *Hammel,* 1 Cal. App. 390 [82 Pac. 349].) The facts alleged show that the *record* title to this northeast quarter was in Dement at the time the action was commenced. If it were allowed to remain there, the title of Dement would be subject to the trust deed in favor of the Lumber Company. Dement, therefore, seeks to void the deed from Arcade Company to Pierce, in so far as it affects him, upon the ground that it was executed in violation of the terms of the agreement mentioned, Pierce taking a deed in his own name when he agreed that it should be issued in the name of Dement. It may be true that the trial court, in quieting the title of Dement, granted relief which was not fully justified under the pleadings, and that the better course would have been to decree that Pierce held the title in trust for Dement, but we cannot see how such an adjudication would place the Lumber Company in a better or more favorable position. Pierce would have no right as such trustee to encumber the property without the consent of Dement. We are of the opinion that, as to appellants, the complaint states a cause of action, upon the theory that the Lumber Company was not an innocent purchaser and under the authorities later referred to in this opinion.

▪ It is next contended that the judgment and findings are not supported by the evidence. In this connection we might point out that both parties have misconceived the effect of the judgment in this case. Respondents state: "We think the court could only say as it did that the whole

thing, from the Arcade (deed) down, was void." The trial court did not so declare, nor is there any conclusion of law to that effect. The judgment affects only the northeast quarter of the lot, and as to that portion it is effective only to the extent of voiding the transaction as between the parties to the action. The judgment in no manner prejudices the rights of the Lumber Company in respect to its encumbrances upon the other portions of the lot. It leaves those deeds of trust valid and subsisting obligations. Turning to the contention mentioned, the brief of appellant upon this question is an argument which would have been proper in the trial court. There are twenty-one findings which take up some ten pages of typewriting. No one finding is mentioned by appellant. He launches a "broad-side" attack arguing his entire case. Such a presentation does not make for clarity and precision, and the showing made thereby would justify this court in concluding that appellant is not seriously impressed with the merit of this contention. However, we have gone through the record and are satisfied that there is ample evidence to support the findings.

◼ Appellants earnestly contend that appellant Lumber Company was wholly innocent in the entire transaction and should not be deprived of the lien of its trust deed upon the northeast quarter of the lot. They say, "It fairly (the action) thunders down the corridors of a court of equity, shouting that the plaintiffs are in court, seeking to confiscate the property of innocent third parties." The court found that "and on or about the ―― day of November, 1924, the plaintiff and his said wife entered into the actual possession of said Lot Thirteen, being the real estate described in the complaint in this action, erected a house thereon and other buildings, have ever since resided on said lot and by their possession and occupancy have ever since and at all times given adequate, sufficient and actual notice to the entire world and to the defendants, herein, that the plaintiff so possessed and occupied said premises". Under such facts the following rule is pertinent: "Where, at the time of the execution of a mortgage, a person other than the mortgagor is in actual possession of the mortgaged premises, such possession, in the absence of a statute to the contrary, is ordinarily sufficient to put the mortgagee on inquiry as to the rights of the person in possession, *and he takes the mortgage subject to*

*such rights;* nor would the fact that the mortgagee secured an abstract of title showing the title to be clear and relied upon such abstract relieve him of notice conveyed by such possession." (41 Cor. Jur., p. 539.) "Actual possession is evidence of some title in the possessor, and puts the subsequent purchaser or mortgagee on notice as to the title which the occupant holds or claims in the property." (*American Bldg. & Loan Assn.* v. *Warren,* 101 Ark. 163 [141 S. W. 765].) Such is the rule in California as stated in 18 Cal. Jur., p. 115. The trustee in a deed of trust, like a mortgagee, is a purchaser for a valuable consideration. Both occupy the same ground with respect to notice, actual and constructive. (*New Orleans Canal Co.* v. *Montgomery,* 95 U. S. 16 [24 L. Ed. 346].)

It is contended that the possession of Pierce and Dement was joint and hence there was not an exclusive possession, and therefore, under authority of 25 Cal. Jur., at pages 840 and 841, such possession was not notice. The court does not find that there was any joint possession. The only claim to possession upon the part of Pierce was that he built the houses upon the property. The record shows that the possession of Dement was clearly of that character described in the authorities cited, and that it was sufficient to charge the beneficiary under the trust deed with notice that Dement had or might have some claim or interest in the property. The possession of the latter was inconsistent with the record title. He was living upon the property and had his home there. We cannot, therefore, agree with appellant in his plea for equity. His client failed to use ordinary diligence in not making inquiries of those in possession of the property. Had he done this the entire situation would have been immediately disclosed and we would not be writing this opinion now, nor would the Lumber Company be "out" its $2,000. It is just another instance where parties rely wholly upon the record title, overlooking entirely the matter of who is actually in possession of the property which is offered as security for a loan. And so, in conclusion, the final answer to the fervid appeal of appellants is that "equity aids the vigilant, not those who slumber on their rights".

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 30, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1932.