[No. 8560–3–I.   Division One.   August 24, 1981.]

DETONICS ".45" ASSOCIATES, ET AL, *Appellants*, v.
THE BANK OF CALIFORNIA, *Respondent*.

180

*Mark S. Elgot*, for appellants.

*Bogle & Gates* and *Dan P. Hungate,* for respondent.

CORBETT, J.—The plaintiff, who prevailed at trial on an action for usury, appeals the court's failure to award attorney's fees.

The appellant, Detonics, borrowed $44,000 from the respondent, The Bank of California, N.A. Shortly after Detonics repaid the loan, it initiated this suit, pleading that the Bank had violated RCW 19.52, the State's usury statute. Following a trial, the court found that the loan was usurious. In addition to the appropriate damages, the court also awarded Detonics reasonable attorney's fees, pursuant to RCW 19.52.030. Two weeks after the court's oral decision but before the findings and conclusions were entered, the attorney for the Bank moved for reconsideration. The Bank's attorney argued for the first time that because the Bank was chartered under the National Banking Act, that the Federal Usury Statute (12 U.S.C. § 86), which does not provide for the award of attorney's fees, preempted the State law. The trial court took judicial notice of the Bank's national association status, ruled that 12 U.S.C. § 86 preempts RCW 19.52.030, and held that Detonics was not entitled to attorney's fees.

Detonics argues that the only way the Bank could prove its "national association" status thereby invoking the Federal Banking Act, was to introduce into evidence the organization certificate as provided for in 12 U.S.C. § 22. It is Detonics' position that the court erred when it took judicial notice of the Bank's status. Evidence, whether pre-

sented by the plaintiff or defendant, must be considered by the trial court. *Kenna v. Griffin,* 4 Wn. App. 363, 365, 481 P.2d 450 (1971). Here, Detonics introduced into evidence the negotiable instrument used to secure the loan, three continuing guaranty agreements and a general security agreement, all of which identified the Bank as a national association. Although Detonics apparently failed to discern the legal significance of "national association", the evidence upon which the trial court relied was competent and substantial. The court did not err by finding the Bank's status to be that of a national association.

■ Detonics next argues that because 12 U.S.C. § 86 fails to provide for attorney's fees, the State statutory scheme controls.

> The national banks organized under the [National Banking] act are instruments designed to be used to aid the government in the administration of an important branch of the public service. They are means appropriate to that end. Of the degree of the necessity which existed for creating them Congress is the sole judge.
>
> Being such means, brought into existence for this purpose, and intended to be so employed, the States can exercise no control over them, nor in any wise affect their operation, except in so far as Congress may see proper to permit.

*Farmers' & Mechanics' Nat'l Bank v. Dearing,* 91 U.S. 29, 33–34, 23 L. Ed. 196 (1897).

> The Supreme Court in
>
> *Evans [v. National Bank,* 251 U.S. 108, 64 L. Ed. 171, 40 S. Ct. 58 (1919), has] categorically held that penalties for usury committed by a national bank are governed by the National Bank Act. . . . To hold otherwise in the instant case would jeopardize the national banking system by allowing the states to set penalties for violations of federal law. That is patently contrary to the congressional policy of assuring national banks parity with state banks and most favored state lenders. Furthermore, since Congress has provided a penalty for usury, that action preempts the field and leaves no room for varying state penalties.

*First Nat'l Bank v. Nowlin,* 509 F.2d 872, 881 (8th Cir. 1975). Congress chose not to provide for the payment of attorney's fees. The State penalty provision is therefore preempted by 12 U.S.C. § 86. Furthermore, Detonics' reliance on RCW 19.86, the Consumer Protection Act, and RCW 4.84.330, which directs that a unilateral provision for the payment of attorney's fees in a contract be applied bilaterally, is without merit. The court made no finding that RCW 19.86 had been violated. Therefore the court properly denied an award of attorney's fees pursuant to its terms and RCW 4.84.330, like RCW 19.52.030, is preempted by 12 U.S.C. § 86.

The Supreme Court has stated what we believe to be a fundamental, if not the controlling, rule for analyzing preemption problems under the N.B.A. (National Banking Act):

> [N]ational banks are subject to the laws of a State in respect of their affairs unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as Federal agencies or conflict with the paramount law of the United States.

*First Nat'l Bank v. Missouri ex rel. Barrett,* 263 U.S. 640, 656, 68 L. Ed. 486, 44 S. Ct. 213, 215 (1924); *North Dakota v. Merchants Nat'l Bank & Trust Co.,* 634 F.2d 368, 377 (8th Cir. 1980).

Congress has persuasive reasons for maintaining exclusive control over the national banks and has unmistakenly decided to occupy the field. Therefore RCW 4.84.330 is not applicable.

Detonics next argues that the Bank waived 12 U.S.C. § 86 by failing to timely and affirmatively plead the statute initially or by failing to amend its answer to incorporate the statute. Detonics also argues that failing to deny the allegation in the complaint that the Bank was a foreign corporation doing business in Washington had the effect of withdrawing defendant's national bank status from issue in the lawsuit.

CR 8(a) states that:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross–claim, or third–party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

In this case, Detonics claimed relief for usury and prayed for damages in its complaint "as provided by RCW 19.52-.030." At no time did Detonics inform opposing counsel or the trial court of the existence of 12 U.S.C. § 86. From the limited record on appeal, it appears that the Bank did not discover the federal statute until after the close of the trial. The Bank then notified the court in its petition for reconsideration of the probable application of 12 U.S.C. § 86 to this case.

CR 59(a)(7) states:

The verdict or other decision may be vacated and a new trial granted to all or any of the parties and on all or part of the issues when such issues are clearly and fairly separable and distinct, on the motion of the party aggrieved for any one of the following causes materially affecting the substantial rights of such parties:

. . .

(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or *that it is contrary to law*;

(Italics ours.) Here, the award of attorney's fees was contrary to the federal law. The trial court therefore acted properly in reconsidering and reversing the award of attorney's fees. Furthermore, in light of the peculiar and unique circumstances, we do not believe that Detonics should benefit by pleading a preempted state statute. Whether that failure was by inadvertence or strategy, "the one first in error should be the first to answer for his oversight." *Zurfluh v. Hartman,* 103 Wash. 452, 457, 174 P. 963 (1918). Detonics' argument that 12 U.S.C. § 86 should have been affirmatively pleaded is not well taken.

CR 8(c) provides:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

Close reading of 12 U.S.C. § 86 fails to reveal any language which would cause it to be an affirmative defense. In fact, it adopts the state law with the exception of attorney's fees. Because of preemption, the fact that the Bank failed to deny it was a foreign corporation doing business in Washington is of no consequence.

■ Detonics next argues that it is entitled to attorney's fees based on equitable principles or pursuant to CR 15(d), CR 37(c), CR 59(a)(3) and (4), and CR 60(b). Detonics fails to cite any basis in equity upon which the award of attorney's fees may be made. Assignments of error not supported by authority will not be considered on appeal. *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 899, 568 P.2d 764 (1977). We have reviewed the record provided us and fail to find any basis to support an award of attorney's fees under any of the court rules Detonics has cited.

Affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied September 29, 1981.

Review granted by Supreme Court December 3, 1981.