[No. 18135. Department One.—September 12, 1893.]

J. B. CAMPBELL, RESPONDENT, v. G. N. FREEMAN, ADMINISTRATOR, ETC., ET AL., APPELLANTS.

RESULTING TRUST—SECURITY FOR FUTURE ADVANCES—VERBAL AGREEMENT—MORTGAGE BY DEED ABSOLUTE IN FORM.—A conveyance of land made to a third person under a verbal agreement that he shall loan to the purchaser the amount of the purchase-money, and hold the title as security for the money so loaned, and also for all other moneys which he shall thereafter loan to or advance for him, creates a trust resulting to the purchaser by operation of law; but cotemporaneously with the creation of the trust there is impressed upon the title by virtue of the agreement a lien both for the purchase-money and also for such other moneys as the trustee may thereafter loan or advance to him, and the verbal agreement has the effect to render the deed absolute in form a mortgage to secure the purchase-money and all future advances made to the purchaser, which may be foreclosed by the trustee.

ID.—EQUITY LOOKS BEYOND FORMS.—Equity looks beyond the forms of a transaction, and shapes its judgment in such way as to carry out the purposes of the parties to the agreement, and to protect each of them against any unconscionable advantage to be derived from the apparent form in which their transaction has taken place; and if a transfer is made as security for the performance of an obligation, it is in equity a mortgage, irrespective of the form in which it is made.

ID.—ALLOWANCE OF ATTORNEY'S FEE.—Where the note evidencing the indebtedness of the purchaser to the trustee provides for the payment of an attorney's fee, a reasonable fee may be allowed upon foreclosure of the security.

APPEAL—REQUEST FOR AMENDMENT OF PLEADINGS—AUTHENTICATION IN TRANSCRIPT—AFFIDAVIT OF ATTORNEY.—The refusal of the court to allow a defendant to amend his answer cannot be considered upon his appeal from the judgment, where the request therefor and the ruling thereon are not incorporated in the statement or in any bill of exception, and is unauthenticated otherwise than by the affidavit of an attorney.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank H. Short*, and *G. C. Freeman*, for Appellants.

*Sayle & Coldwell*, for Respondent.

HARRISON, J.—In April, 1882, A. G. Anderson, the appellant's interstate, being about to purchase a tract of land, made a verbal agreement with the plaintiff that the plaintiff should loan him $800 with which to make the purchase, and that the conveyance should be made by the vendor directly to the plaintiff, who should hold the title as security for the money so loaned, and also for all other moneys which he should thereafter loan to or advance for him, and that Anderson should

take possession of the property so conveyed. In pursuance of this agreement the conveyance was made to the plaintiff, and the purchase-money therefor was paid by the plaintiff to the vendor, and Anderson entered into the possession of the property and remained in possession thereof until his death in 1889, making valuable improvements thereon. After the purchase the plaintiff loaned other sums of money to Anderson, and made payments on his account, in pursuance of the aforesaid agreement, amounting to $2,419, for which, on the sixth day of June, 1889, he executed to the plaintiff his promissory note. After this date the plaintiff made still other payments for the account of Anderson, under the said agreement, and after his death presented to his administrator a claim against his estate, properly verified, for all of the aforesaid amounts, amounting to $3,115.50, which was allowed and afterwards approved by the judge of the superior court and filed with the clerk. The plaintiff brought this action against the administrator, alleging the agreement between himself and Anderson, and that by virtue thereof the land that had been conveyed to him was held in mortgage to secure the payment of the said indebtedness, and asking for the sale thereof and payment of the said claim out of the proceeds thereof. Judgment was rendered in his favor, from which the defendant has appealed, claiming that the only effect of the transaction and agreement between the plaintiff and Anderson was to create a resulting trust in favor of Anderson, by which the plaintiff held the land as security for only the amount advanced for its purchase.

The rule is familiar that when, upon a purchase of real property, the purchase-money is paid by one person and the conveyance is made to another, a resulting trust immediately arises against the person to whom the land is conveyed, in favor of the one by whom the purchase-money is paid. The real purchaser of the property is considered as the owner, with the right to control the title in the hands of the grantee and to demand a conveyance from him at any time. The same rule prevails if the money paid by the party taking the title is advanced by him as a loan to the other, and the conveyance is made to the lender for the purpose of securing the loan. But in the latter case the purchaser cannot demand the conveyance

until he has paid the money advanced, and for which the land is held as security. In such a case the grantee holds a double relation to the real purchaser, he is his trustee of the legal title to the land and his mortgagee for the money advanced for its purchase, and, as in the case of any other mortgage which is evidenced by an absolute deed, is entitled to retain the title until the payment of the claim for which it is held as security; and he may also enforce his lien by an action of foreclosure. The conveyance is none the less a mortgage because it was conveyed to him directly by a third party, to secure his loan to the purchaser for the amount of the purchase-money, than if the conveyance had been made directly to the purchaser in the first instance, and the purchaser had then made a conveyance to him as a security for the money that he had previously borrowed, with which to make the purchase. He is regarded as holding the land in trust for the protection of the purchaser, but this rule is not to be so extended as to enable the purchaser to work him an injury. Equity looks beyond the form of a transaction and shapes its judgments in such a way as to carry out the purposes of the parties to the agreement, and to protect each of them against any unconscionable advantage to be derived from the apparent form in which their transaction has taken place. In the present case the title to the land which the plaintiff took from the grantor was held by him in trust for Anderson. This was a trust created by operation of law; but cotemporaneously with the creation of this trust there was impressed upon the title, by virtue of the agreement between Anderson and the plaintiff, a lien in favor of the plaintiff for the money which he had loaned him with which to make the purchase, and also for such other moneys as he should afterwards loan or advance to him. It was competent for them to make such an agreement, and the agreement, when made, had the effect to render the conveyance to the plaintiff a mortgage to secure the loans advanced to Anderson. "Any interest in property which is capable of being transferred may be mortgaged" (Civ. Code, sec. 2947), and if the transfer is made as security for the performance of an obligation, it is, in equity, a mortgage, irrespective of the form in which it is made. A deed, absolute in form, may be given as a security for future

advances, without any accompanying obligation in writing on the part of the person giving the deed. (*Husheon* v. *Husheon,* 71 Cal. 412.)

We cannot consider the refusal of the court to allow the defendant to amend his answer. The statement on motion for a new trial does not show that he made such request, nor does it show any ruling of the court in reference thereto, and there is no bill of exceptions containing any action of the court thereon. The only mode in which it is brought to our attention is by certain documents printed with the transcript, but which do not purport to be authenticated except by the affidavit of his attorney. If a review of this ruling had been desired, it should have been either incorporated into the statement, or brought here by a bill of exceptions.

The objection to the allowance of an attorney's fee is not well taken. The note contained an express provision for its payment, and the issue made by the answer of the defendant was limited to the amount for which it could be allowed. It appears from the statement that the evidence justified the finding by the court that this amount was reasonable.

The conclusion that we have reached makes it unnecessary to consider the motion to dismiss the appeal.

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and BEATTY, C. J., concurred.