[L. A. No. 994.   Department One.—March 14, 1902.]

## THOMAS J. COLLINS, Administrator, etc., Respondent, v. NORA O'LAVERTY et ux., Appellants.

CANCELLATION OF DEED—ACTION BY ADMINISTRATOR—HUSBAND AND WIFE—COSTS.—In an action by the administrator of a deceased person to set aside and cancel a deed executed by the decedent in her lifetime to a married woman, with whom her husband was joined as a party defendant, where the judgment was rendered for the plaintiff, and both defendants united in defending the action, the husband, as well as the wife, was properly charged with costs.

ID.—PLEADING—OFFICIAL CAPACITY OF ADMINISTRATOR—ADMISSION IN ANSWER.—An allegation in the complaint by the administrator "that the plaintiff is the duly appointed, acting, and qualified administrator" of the estate of the deceased person, who was grantor of the deed sought to be set aside and canceled, is a sufficient allegation of the official capacity of the plaintiff, in the absence of a special demurrer. Where the allegation was expressly admitted in the answer, such admission had the effect of a stipulation of the fact, which rendered the allegation of specific facts unnecessary.

ID.—SUIT OF ADMINISTRATOR TO QUIET TITLE.—An administrator may maintain a suit to quiet the title of the estate against any adverse claim; and a suit to set aside and cancel a deed of the decedent, for want of capacity of the grantor, and for undue influence and fraud of the grantee in taking advantage of the incapacity, illness, and weakness of mind of the grantor to procure the deed, is in effect a suit to quiet the title of the estate against the pretended grantee.

ID.—INDIRECT AVERMENTS—INVALIDITY OF DEED—ADVERSE CLAIM.— ABSENCE OF DEMURRER.—The fact that the complaint only indirectly alleged that the deed was void, and that the adverse claim of the defendant only appeared by necessary inference from facts averred in the complaint, and from the averments of the answer, are not material in the absence of a special demurrer to the complaint.

ID.—RIGHT OF ACTION BY ADMINISTRATOR—EQUITABLE TITLE—SETTING ASIDE VOIDABLE DEED.—The right of action by the administrator is commensurate with his right to reduce the estate of the decedent to possession; and in the exercise of such right the distinction between equitable and legal estates is not material. The administrator may sue in equity to enforce an equitable title of the estate by setting aside a voidable deed made by the decedent; the administrator may maintain any action, legal or equitable, which the decedent could have maintained in his lifetime.

ID.—UNDUE INFLUENCE—INDIRECT AVERMENTS.—Indirect averments, in addition to the facts showing the condition of the deceased and the circumstances of the transaction, that the defendant's "fraudulently taking advantage of the incapacity, illness, and weakness of mind" of the decedent, "procured her to sign a pretended deed," etc., are sufficient to show undue influence, in the absence of a special demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. F. Fitzgerald, Judge.

The facts are stated in the opinion.

H. H. Appel, W. H. Morris, and Walter J. Horgan, for Appellants.

Horace Bell, for Respondent.

SMITH, C.—This is a suit to set aside a deed of conveyance of land, made to the defendant Nora by the plaintiff's intestate a few days before her death. The findings and judgment were for the plaintiff. The defendants appeal from the judgment and from an order denying their motion for new trial.

The points urged on behalf of the appellants are: That the complaint was insufficient; that the findings are not supported by the evidence; and that the judgment against J. J. O'Laverty (the husband) for costs was erroneous.

The last two objections may be briefly disposed of. With regard to the findings, the evidence, we think, was sufficient to sustain them. All the specific facts alleged in the complaint were proved, with others. As to the costs, the defendants in their answer allege the deed in question was made in good faith, "for a valuable consideration," which is in effect a claim on the part of both to an interest in the property.

(Civ. Code, sec. 164.)   There was therefore no error in charging both defendants with costs.

The objections to the complaint are three in number,—namely: 1. That the official character of the plaintiff as administrator is insufficiently alleged; 2. That a suit of this character cannot be maintained by an administrator; and 3. That, otherwise, the complaint does not state facts sufficient to constitute a cause of action.

1. With regard to the first point, the actual allegation is: "That the plaintiff is the duly appointed, qualified, and acting administrator of the estate of Julia Collins, deceased." This, it is claimed, on the authority of *Judah* v. *Fredericks*, 57 Cal. 391, is insufficient. A similar allegation was indeed held to be insufficient in that case, but the case was that of an administrator appointed by the old probate court, which, though a court of record, was a court of limited and special jurisdiction. Our attention has not been called to any decision applying the rule to administrators appointed by the superior court; nor are we prepared to hold that, in the absence of special demurrer, the allegation is insufficient. But the allegation is expressly admitted in the answer, which is in effect a stipulation of the fact; and this rendered the allegation of more specific facts unnecessary.

2. The cases cited in support of the second point are *Janes* v. *Throckmorton*, 57 Cal. 387, and *Field* v. *Andrada*, 106 Cal. 108-109. For the present it will be sufficient to observe that these cases refer to section 1582 of the Code of Civil Procedure as it originally stood, which gave to executors or administrators the power to maintain only "actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded on contracts." But by the section as amended March 26, 1895, they are now authorized to maintain not only such suits, but also suits "to quiet title thereto (i. e. to property, real or personal), or to determine any adverse claim thereon." The present action, we think, comes clearly within this provision.

Under one aspect of the case this is too clear for discussion. It is found by the court that the alleged deed was absolutely void for want of capacity in the grantor, and that, in fact, no such deed was made by him. Assuming this finding to be

justified by the allegations of the complaint, the case is but the ordinary case of a suit brought to quiet title by the legal owner, and there can be no doubt of the competency of the administrator to maintain it.   But it is claimed that the plaintiff's allegations do not justify the finding.   It is alleged in the complaint that the plaintiff's intestate on the twenty-first day of June, 1899, (the fifth day before her death,) was the owner of the property in controversy, and that on that day the "defendants, fraudulently taking advantage of the incapacity, illness, and weakness of mind of the said Julia Collins, procured her to sign a pretended deed of conveyance, purporting to convey to the defendant Nora" the land in question.   This allegation does not directly allege that the deed was void, but it does so indirectly; and as it was not especially objected to by the demurrer, and as the evidence seems largely to have been directed to that issue, it may perhaps, in view of the finding, be regarded as sufficiently alleging the invalidity of the deed; and this view is supported by the prayer of the complaint, which (except as to general relief), is based expressly on this theory.   The adverse claim of the defendant Nora is not directly alleged, but facts are alleged from which it must be necessarily inferred; and in this respect the complaint is aided by the express allegations of the answer.   (*Herd* v. *Tuohy,* 133 Cal. 55.)   We might therefore regard the suit as an ordinary action to quiet title brought by the holder of the legal title; and thus regarded, it would come directly within the authority of the decisions in *Curtis* v. *Sutter,* 15 Cal. 261, 264, and *Pennie* v. *Hildreth,* 81 Cal. 130, where it is expressly held that an action to quiet title to a decedent's estate may be maintained by the administrator.

It may, however, be assumed, for the purposes of this case, that the deed in question passed the legal title, and that the suit is to cancel the deed.   But this we deem to be an immaterial circumstance; and we also deem it immaterial whether the plaintiff is in possession or not,—a fact not disclosed by the record.   In either case, we have no doubt, an action of this kind is maintainable by an administrator. By section 1452 of the Code of Civil Procedure "the executor or administrator is entitled to the possession of all the real and personal estate of the decedent"; and by section 1581 it is made his duty to reduce the estate into possession.   It

follows—under the familiar maxim, *ubi jus ibi remedium*—
that his rights of action must be commensurate with the right
and duty thus imposed upon him by the statute. (Broom's
Legal Maxims, 191; *Ashby* v. *White,* 2 Ld. Raym. 953; *Wins-
more* v. *Greenbank,* Willes, 580-581.)  To deny the remedy
would be to deny the right (*North* v. *Coe,* Vaughan, 253), and
thus to nullify the statute.  Hence the executor or adminis-
trator may maintain an action necessary either to protect his
possession or to reduce into possession property of the estate
held by others.  In the application of this rule "the difference
between legal and equitable estates is of no practical impor-
tance.  They are both estates originating by law, and held
under law, and in that sense are legal estates." (*Watson* v.
*Sutro,* 86 Cal. 500, cited in *Tuffree* v. *Polhemus,* 108 Cal. 676-
677.)  There is therefore no room, in a case such as this, for
any distinction between legal actions brought on the title and
equitable actions brought to recover property of which the
legal title, as well as the possession, is in another.  The sole
test of the administrators' right of action is the right of the
estate to the possession of the property.  If the right exists,
then the right of action exists; and it will make no difference
if, in order to recover property to the possession of which the
estate is entitled, it should become necessary to cancel a void-
able deed, or otherwise—according to the equity practice—to
dispose of an outstanding legal title.

And this on principle must obviously be the case.  For with
us there is but one jurisdiction, and one form of action, for
rights legal and equitable.  Both classes—when asserted—are,
as the occasion demands, regarded as equally real, or as
equally unreal,—that is to say, on the legal side of the court
the legal title is alone regarded, and on its equity side the
equitable title only, the legal title being regarded as non-
existent, except in so far as may be necessary to effectuate the
equitable right.  So that, with regard to actions, the dis-
tinction between legal and equitable rights has, for most pur-
poses, become obliterated, and the distinction is now no longer
significant except as determinative of the nature of the action
and of the mode of trial and the character of the pleadings.
(*Tuffree* v. *Polhemus,* 108 Cal. 676-677; *Watson* v. *Sutro,* 86
Cal. 500; *Ashton* v. *Zeila Min. Co.,* 134 Cal. 408.)  In the pres-
ent case, therefore, the action could have been maintained by

the plaintiff's intestate in her lifetime; and it follows, not only under the decisions cited, but by the express provisions of section 1582 of the Code of Civil Procedure, that it can now be maintained by her administrator.

3. In other respects we think the complaint is sufficient. There is in the complaint no direct allegation that the deed was obtained by fraud or undue influence; but it is alleged— in addition to the facts showing the condition of the deceased, and the circumstances of the transaction—that the defendants, "fraudulently taking advantage of the incapacity, illness, and weakness of mind of the said Julia Collins, procured her to sign a pretended deed, purporting to convey," etc., which is substantially an allegation of the procurement of the deed by undue influence, and, in the absence of special objection by demurrer, sufficient.

We advise that the judgment be modified—without costs— by striking out the second paragraph thereof, and, as thus modified, affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified—without costs—by striking out the second paragraph thereof, and, as thus modified, affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.