[No. 7. Second Appellate District.—August 3, 1905.]

# MARIA ESPERITU CHIJULLA DE LEONIS, Appellant, v. W. A. HAMMEL, Sheriff, etc., et al., Respondents.

QUIETING TITLE—PLEADING—STATEMENT OF FACTS—EQUITABLE RE-
LIEF.—Although an action to quiet title cannot be maintained by the
owner of an equitable estate against the holder of the legal title
under a complaint containing only the usual averments commonly
made in such an action, yet where the facts upon which the plain-
tiff's claim is based are alleged, and there is a prayer for general
relief, the court can grant any proper relief within the limitations
of section 580 of the Code of Civil Procedure.

ID.—APPROPRIATE EQUITABLE REMEDIES.—Appropriate remedies, such as
cancellation, reconveyance, or decrees quieting title, or establishing
and enforcing trusts, or determining the priorities of opposing
equities may be had between proper parties, under our system,
whenever they are required upon equitable considerations, and are
justified by the pleadings and proof.

ID.—SUFFICIENT COMPLAINT—DEMURRER IMPROPERLY SUSTAINED.—
Where the facts alleged in the complaint show that plaintiff's title
is paramount to any claims of lien by the defendants, and that
she is entitled to have her rights determined, and there is no defect
of necessary parties or uncertainty as to the facts, a demurrer
thereto was improperly sustained.

ID.—PARTIES.—The failure to join proper parties, not appearing to be
necessary parties, is not ground of demurrer for defect of parties.
But if it should appear at any time during the progress of the
cause that the presence of other parties than those named in the
complaint is necessary to a complete determination of the contro-
versy, they can be brought in.

ID.—UNCERTAIN LEGAL CONCLUSION FROM FACTS.—Where the facts
are alleged with certainty, uncertainty as to legal conclusions there-
from is not ground of demurrer.

ID.—CONSTRUCTIVE TRUST—DEED AS MORTGAGE—NOTICE OF EQUITIES—
STATUTE OF LIMITATIONS—RELIEF FOR FRAUD—INAPPLICABLE PRO-
VISION.—Whether the complaint shows a constructive trust in the
legal title procured by fraud, or shows a deed intended as a mort-
gage, with notice of plaintiff's equities to all of the defendants,
the three years' limitation to an action for relief on the ground
of fraud prescribed by subdivision 4 of section 338 of the Code
of Civil Procedure is inapplicable.

ID.—MOTION FOR NONSUIT—GROUND NOT SPECIFIED.—A motion for a
nonsuit must be held to have been erroneously granted where the
record fails to show any specified ground for the motion.

APPEALS from a judgment upon demurrer and from a judgment of nonsuit in the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

Horace Bell, and H. H. Appel, for Respondents.

TRASK, J. (*pro tem.*).—Two appeals have been taken in this case.   The first appeal is from the judgment in favor of certain defendants, rendered because of plaintiff's failure to amend her complaint within the time allowed by law after their demurrer thereto was sustained.   The second appeal is. from a judgment of nonsuit.   By stipulation, both appeals have been submitted upon the same transcript.

The substance of the lengthy complaint will be stated so far as necessary for the purposes of this decision.

From the complaint it appears that plaintiff is an ignorant Indian woman.   On July 31, 1894, she deeded certain real property to one Laurent Etchepare.   For several years prior to the date last mentioned he had been her agent, and her attorney-in-fact in the management of her business and of her litigation as to her property.   She made this deed because of her confidence in Etchepare, and because of her belief in his representations and those of an attorney whom Etchepare had induced her to consult.   Among other representations made by Etchepare, it should be noted that he stated that she was indebted to him in the sum of sixteen hundred dollars, on account of moneys he had expended in her litigation and in the care of her property over and above what he had received from sales of cattle, and from rents, and that it would be to her advantage to convey all her property to him, and "that he could thereby be better able to settle her estate" (evidently referring to the estate of her deceased husband and the litigation relating thereto).   It was also represented to her that Etchepare had been advancing her moneys for her support and maintenance, and that it would be proper and advisable for her to convey her property to him and that he would take care of it for her and defend her rights against adverse claimants.   These and other

representations, which are stated, are alleged to be untrue. From all the averments made in respect to the matter of the execution of this deed, it is doubtful whether it should be treated as a mortgage to secure past and future advances, or as having been procured by fraud and misrepresentation and without consideration, in which latter event a constructive trust would be created in favor of plaintiff.

On February 12, 1895, Etchepare executed a mortgage on the property to defendant Elizabeth Murray to secure the payment of his note given for a loan made by her to him. A decree foreclosing this mortgage was rendered April 5, 1897, in an action brought by Miss Murray. Plaintiff and Etchepare were parties defendant in that action. A part of the relief asked in this action is an injunction restraining defendant Hammel, as sheriff from selling the premises mortgaged to Miss Murray, in pursuance of said decree. One ground upon which this relief is sought is that the sheriff's deed, if issued to a purchaser at such sale, would cloud plaintiff's title to her property.

On August 16, 1898, Etchepare conveyed an undivided one-half interest in the property deeded to him by plaintiff to defendant Labaig, and on the same date he conveyed the other undivided one-half to one Mrs. Appel. Later, Mrs. Appel conveyed an undivided one-half of the interest deeded to her to defendant Marie Le Mesnager. Thereafter Mrs. Appel died testate, and defendant Julia A. Shepherd is the executrix of the former's estate.

In October, 1898, Etchepare executed a mortgage on all the property deeded to him by plaintiff to defendants Bell and Appel to secure the payment to them of two thousand dollars. Bell afterwards assigned his interest in said mortgage to one Gibson, and Appel assigned his interest therein to defendant Julia A. Shepherd. Thereafter, in an action to which Julia A. Shepherd, as executrix and individually, said Gibson, and defendants Appel, Bell, and Labaig were parties, it was adjudged that said mortgage to Bell and Appel "was a valid lien as to the said" Etchepare, Labaig, Julia A. Shepherd, executrix, "the said mortgagees, and their assigns, upon the lands therein described in said mortgage."

The representations made to plaintiff whereby she was induced to execute the deed to Etchepare, the situation and

relation of the parties thereto, the circumstances and facts of that transaction showing fraud, misrepresentation, and want of consideration, and plaintiff's lack of education, business ability, and experience, are all alleged. And it is also averred that all of the parties to the deeds, mortgages, and assignments mentioned that were made subsequent to the execution of plaintiff's deed to Etchepare took every such deed, mortgage, or assignment thereof, with notice and knowledge that her said deed was procured by misrepresentation, fraud, and without consideration, as alleged in the complaint. It is further shown that all of the transactions subsequent to plaintiff's deed were had without her knowledge or consent; that she never received any benefit therefrom; and that the deeds executed by Etchepare, as well as some of the assignments mentioned, were without consideration. It is not shown who has been in possession of the property since the execution of the plaintiff's deed.

The substance of the prayer of the complaint is, that plaintiff be decreed to be the owner in fee simple of the land described in her deed to Etchepare; that it be decreed that neither of the defendants has any right, title, or interest therein; that her title thereto be quieted against all the defendants; that the defendant Hammel, as sheriff, be enjoined from making a sale under the decree in the foreclosure action; and that plaintiff have all other and proper relief.

The action was dismissed as to defendants Labaig and Le Mesnager.

The remaining defendants demurred to the complaint on several grounds—one ground being for insufficiency of facts; another for uncertainty, in that the complaint does not show what estate or property the plaintiff claims; another for defect of parties, in that Etchepare and Gibson had not been joined as parties defendant; and on the further ground that plaintiff's cause of action is barred by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure. Defendant Murray's demurrer was overruled, and the demurrer of the others was sustained. The correctness of the latter ruling is questioned by the first appeal.

1. From the prayer of the complaint it may be inferred that the pleader regarded the action as being substantially one brought to quiet plaintiff's title and to obtain ancillary in-

junctive relief. An action to quiet title cannot be maintained by the owner of an equitable estate against the holder of the legal title, under a complaint containing only the usual averments commonly made in such an action. (*Chase* v. *Cameron,* 133 Cal. 231, [65 Pac. 460].) But where, as here, the facts upon which plaintiff's claim is based, are alleged, there is authority to grant any proper relief within the limitations of section 580 of the Code of Civil Procedure. And appropriate remedies, such as cancellation, reconveyance, or decrees quieting title, or establishing or enforcing trusts, or determining the priorities of opposing equities, may be had, as between proper parties under our system, whenever they are required upon equitable considerations and are justified by the pleadings and proof in the case. (*Campbell* v. *Freeman,* 99 Cal. 546, [34 Pac. 113]; *Tuffree* v. *Polhemus,* 108 Cal. 670, [41 Pac. 806]; *Collins* v. *O'Laverty,* 136 Cal. 31, [68 Pac. 327]; *Zellerbach* v. *Allenberg,* 99 Cal. 57, [33 Pac. 786]; *Rollins* v. *Forbes,* 10 Cal. 299; *Angus* v. *Craven,* 132 Cal. 691, [64 Pac. 1091].) Since general relief was demanded, the prayer of this complaint need not be considered further in determining whether or not the demurrer was properly sustained. (*Rollins* v. *Forbes,* 10 Cal. 299; *Angus* v. *Craven,* 132 Cal. 691, [64 Pac. 1091].)

If the allegations of the complaint are true, plaintiff's title is paramount to that of any defendant claiming a lien by mortgage. (*Murray* v. *Etchepare,* 129 Cal. 318, [61 Pac. 930].) Whether her deed to Etchepare was procured by fraud and without consideration, as alleged, or whether it was in fact a mortgage, as was once found (*De Leonis* v. *Walsh,* 145 Cal. 199, [78 Pac. 637]), is immaterial on this demurrer, for, in any event, she is entitled to have her rights determined. Though it is conceded that Etchepare and Gibson were proper parties, it does not appear from the complaint that they were necessary parties. But if it should appear at any time during the progress of the case that the presence of parties other than those named by the complaint is necessary for a complete determination of the controversy arising on issues made by the pleadings, they can be brought in. (Code Civ. Proc., sec. 389.)

The demurrer was not well taken for defect of parties. Nor should it be sustained for uncertainty, since the facts

are alleged. In one view, it may be concluded from the facts that Etchepare acquired only the naked legal title. This he would hold under a constructive trust which would arise in favor of plaintiff. (*Hays* v. *Gloster,* 88 Cal. 560, [26 Pac. 367].) But possibly the correct view of the matter, looking to facts alleged, and not to the pleader's conclusions, is, that the deed was intended as, and was, in fact, a mortgage. This conclusion is strengthened from the fact that it is not shown that Etchepare's agency did not continue after the execution of the deed, nor that he did not continue to receive and disburse large sums of money and to render services subsequently, as he had prior, to that time. If the latter view is correct, the legal title did not pass by this deed, and subsequent purchasers or encumbrancers with notice would acquire no rights as against plaintiff. In either event, the particular statute pleaded in bar is inapplicable. (*Hecht* v. *Slaney,* 72 Cal. 363, [14 Pac. 88] ; *Goodnow* v. *Parker,* 112 Cal. 437, [44 Pac. 738] ; *Nougues* v. *Newlands,* 118 Cal. 102, [50 Pac. 386].)

2. Defendant Murray answered after her demurrer was overruled, and the case went to trial between her and plaintiff, they being then the only parties before the court.

Upon this trial after plaintiff had rested, a motion for nonsuit was made in behalf of Miss Murray. This motion was granted, and judgment was rendered accordingly.

The record does not show that any specification was made of the grounds of this motion. For this reason plaintiff urges that the latter judgment should be reversed. Miss Murray's counsel answer this contention by saying that they expect to show that the grounds of the motion for the nonsuit were specified, and that same were sufficient in form and substance to justify the order; and that, "at the proper time," they propose "to suggest a diminution of the record." No such suggestion has been made. It is admitted in appellant's brief that such general grounds as "that there was no evidence to sustain plaintiff's cause of action," and "that there was no evidence to sustain plaintiff's complaint," were stated at the time the motion was made.

It is probable that the reason why the motion for a nonsuit was granted was for defect of proof that Miss Murray took her mortgage with notice of the fraud, misrepresentation,

failure of consideration, and other matters alleged with respect to the execution of the deed from plaintiff to Etchepare.

But in the absence of any showing in the record that this was specified as a ground for the motion, it must be held that the granting of the motion was error. For if this ground had been specified, it may have been possible that plaintiff could have offered more evidence on this branch of the case, if permission had been asked and granted, and that she would have asked to reopen her case for such purpose. (*Daley* v. *Russ,* 86 Cal. 114, [24 Pac. 867]; *Bronzan* v. *Drobaz,* 93 Cal. 647, [29 Pac. 254]; *Coffey* v. *Greenfield,* 62 Cal. 602; *Belcher* v. *Murphy,* 81 Cal. 39, [22 Pac. 264]; 6 Ency. of Plead. and Prac. 879.)

For the reasons given, both judgments appealed from are reversed, with directions to overrule the demurrer.

Gray, P. J., and Allen, J., concurred.