[Civ. No. 4204.  Third Appellate District.—November 10, 1930.]

ANTON W. WILSON, Respondent, v. HELEN M. AN-
DERSON, as Administratrix, etc., et al., Appellants.

Owen C. Emery for Appellants.

C. M. Johnson for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The plaintiff had judgment against the above-named defendants and appellants, quieting title to the west one-quarter of lot 732, tract 3126, recorded in book 33, page 51 of maps, records of Los Angeles County, subject to a mortgage of record thereon for $2,000. From this judgment the above-named defendants appeal.

The complaint in this action is in the ordinary form of an action to quiet title. The defendants, by way of answer, denied the allegations in the plaintiff's complaint as to his ownership of the real estate involved herein, and alleged that the right, title and interest of the defendants were superior to the alleged right or title or interest of the plaintiff in and to the lands described. The answers then, by way of further defense and cross-complaint, set forth that on or about the twenty-seventh day of April, 1925, a certain judgment was entered in an action begun by Helen M. Anderson as administratrix of the estate of E. M. Anderson, deceased, action numbered 157,108, in the county of Los Angeles, wherein and whereby it was decreed that Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, was the owner in fee of the real property described in plaintiff's complaint in this action; that it was further ordered, adjudged and decreed that Anton W. Wilson, the defendant in action number 157,108 and the plaintiff herein, should forthwith execute and deliver to Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, a deed of grant in and to said property, subject to a mortgage of $2,000, and that at the same time, and by the same judgment, the court decreed that the said Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, should deliver to Anton W. Wilson, the plaintiff in this action, and the defendant in action number 157,108, a promissory note for the sum of $5,360.08, due on or before April 1, 1926, with interest thereon at the rate of seven per cent per annum, and, as security for the payment of said promissory note, to simultaneously execute and deliver to said Anton W. Wilson a deed of trust in the usual form of the Title Guarantee and Trust Company, as a second encumbrance on said property. It is further set forth in the an-

swers filed by the defendants that that portion of the judgment just referred to, decreeing that Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, should execute and deliver to Anton W. Wilson a promissory note and deed of trust covering the property described herein, to secure the payment of the sum mentioned, was, at the time of the rendition and entering of said judgment, contrary to law and the statutes of this state, and void and unenforceable. The answers further set forth that the said sum of $5,360.08 found to be owing to the said Anton W. Wilson should have been made payable out of the estate of said E. M. Anderson, deceased, in due course of administration. The defendants further prayed that their title to the property involved be quieted as against all claims of the plaintiff, and for general relief. The plaintiff's answer to the defendants' cross-complaint contains denials of the allegations in the defendants' answers, and sets forth that the deed mentioned in the cross-complaint filed by the defendants was to be executed and delivered simultaneously and conditionally upon said Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, executing and delivering a note and trust deed in the amount and for the purposes hereinbefore mentioned. The cross-complaint further alleges that more than one year has elapsed and no payment has been made of the amount found due the plaintiff in this action, and prays that the title or claim of Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, be declared forfeited by reason of default in making payment of the amount found due the plaintiff in this action, and also contained a prayer for general relief.

The record in this action shows only a stipulation entered into between the parties, and the findings and judgment entered in action number 157,108. The stipulation is as follows:

"It is stipulated that Anton W. Wilson has refused to execute and deliver to Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, a deed of grant to the west one-quarter of lot 732, tract 3126, Los Angeles county, as per map recorded in book 33, page 51 of maps, as directed in the action entitled 'Helen M. Anderson, Executrix of the Estate of E. M. Anderson, Deceased, vs. Anton

W. Wilson, file No. 157108', for the reason that Helen M. Anderson, the said executrix, has refused to execute and deliver to Anton W. Wilson a note secured by deed of trust on the above-mentioned property in the sum of $5,360.08, as directed in said action. Further stipulated that none of the sum of $5,360.08 has been paid. Further stipulated that the file in said action number 157108 shows that the attorneys for both plaintiff and defendant in said action O. K.'d the findings of fact and judgment in said action. It is further stipulated that the file in said action number 157108 be admitted in evidence.''

Just what the judgment-roll in action number 157,108 discloses does not appear from the record presented upon this appeal, as only the findings and judgment in said action are included within the records before us. From the findings presented to the court, made and entered in said action, and introduced in evidence in this action, we summarize the following:

On or about the eleventh day of July, 1925, Helen M. Anderson and Edward M. Anderson, now deceased, executed and delivered to Anton W. Wilson a trust deed covering certain real property situate in Glendale, Los Angeles County, to secure the payment of the sum of $7,497.31. At the same time the title to certain personal property, consisting of the stock, wares and merchandise of a certain business known as the Pioneer Electric Company, was vested in the said Anton W. Wilson, as further security for the payment of the above-mentioned sum. Thereafter, the title to said personal property by the said Andersons and said Wilson was transferred to one Edna W. Hamilton for certain real property situate in Imperial County, and the title to said real property, with the consent of said Andersons, taken in the name of Anton W. Wilson, with the intent and purpose that he should hold the same as security for the payment of the sum of money hereinbefore mentioned, and, likewise, as security for all expenses and disbursements that should be incurred in the management, control and disposition of said lands in Imperial County. Finding No. V of the court in said action number 157,108, introduced as testimony in this action, reads as follows:

''That said defendant Anton W. Wilson received title to the said Imperial land as agent for the said firm of An-

derson and Anderson and for the said Edward M. Anderson, since deceased, but with an interest therein and a lien thereon to repay and reimburse himself for all moneys advanced, and for any and all expenses and taxes properly incurred by him in the management, control and transfer of said Imperial land, or of any property or properties received in exchange or substituted therefor; and said Anton W. Wilson was authorized to make exchanges or substitute other properties for said Imperial land as he might deem advisable, and hold the same as additional security in the same way he held said Imperial land, and had formerly held the said Pioneer Electric Company business; and the court further finds that said Anton W. Wilson has managed and controlled the said properties received· or substituted by him, with that due and proper care required of an agent, and has made exchanges therefor and substituted other properties in place of said Imperial land, with the due and proper care required of an agent. That the said defendant Anton W. Wilson informed the plaintiff and Clarence M. Anderson, from time to time, as to the details of the transactions, transfers and other matters in connection with the exchange of the Imperial land and all other properties received therefor, and all of said transactions, transfers and disposals of said properties were either duly authorized by said plaintiff or approved and ratified by her, as stated in the last paragraph.'' The finding then set forth transactions relating to the real estate, and the coming into the possession and control of said Anton W. Wilson, and in his name, the property involved in this action. The conclusion of the court, after making these findings, and the finding that the estate of E. M. Anderson, deceased, was indebted to Anton W. Wilson in the sum of $5,360.08, was to the effect that the title to said property vested in said estate, and a deed of conveyance should be made by the said Anton W. Wilson to Helen M. Anderson, as the executrix thereof, upon the execution and delivery by said executrix of a promissory note conditioned for the payment to said Anton W. Wilson of the sum of $5,360.08, on or before the first day of April, 1926, and secured by a trust deed to be executed by the said executrix. Judgment was entered accordingly. As shown by the stipulation hereinbefore set forth the conditional part of the judgment has

never been complied with. The deed conveying the title to the premises has not been executed and delivered by Anton W. Wilson to Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, for the reason that Helen M. Anderson, as the executrix of the said estate, has declined to execute and deliver the note and trust deed provided for in the judgment. The record does show that Anton W. Wilson did tender a deed as provided for in the judgment, but compliance by Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, with the conditions on her part to be performed, was declined and refused, and the deed, therefore, was never delivered. Thereafter, and after the expiration of a year from the date of the entry of said judgment, this action was begun, based upon the theory that Helen M. Anderson, as executrix of the estate of E. M. Anderson, deceased, was in default, and that the plaintiff, Anton W. Wilson, was entitled to a judgment quieting his title to the premises involved, which judgment was entered and is now before us upon appeal.

It is contended by the appellants that the only judgment which the court was authorized to enter in action number 157,108, in relation to the sum of money in said action found due Anton W. Wilson, would have been one directing payment of said sum out of the funds of the estate of E. M. Anderson, deceased, in due course of administration, as provided for in section 1504 of the Code of Civil Procedure, and a number of cases are cited where judgments have been entered upon accounts and claims due from and owing by estates. This contention, however, overlooks the essential fact that the property in this action is charged with a lien in favor of Anton W. Wilson. Title was taken in his name with the understanding, as found by the court, that it should be so taken and held by Anton W. Wilson in order to secure repayment to him of the sums of money heretofore referred to. This placed the estate in the position of not being entitled to have its title to the premises quieted, or, rather, as not being entitled to a conveyance of the premises until, and upon condition of making payment to Anton W. Wilson, the holder of the title, of the amount of money owing to him, as found by the court, and constituting a charge upon the premises, and this would be true even though the sum due Anton W. Wilson was barred

by the statute of limitations. Only one case needs to be cited in support of what we have stated, to wit: *Boyce* v. *Fisk*, 110 Cal. 107 [42 Pac. 473]. In that case, where it appears that the debt was barred, the court nevertheless held that judgment quieting title could only be entered upon payment of the debt, and that the form of the judgment should have provided for quieting the title upon payment of the debt within a specified time, and in the event of failure so to pay, the action should be dismissed, and title would remain vested in the one to whom the debt was owing, and in whose name the title stood, just as though no action had been prosecuted.

What we have said is further supported by the case of *De Leonis* v. *Hammel*, 1 Cal. App. 390 [82 Pac. 349], where, in an action to quiet title, the court held as follows: "But where, as here, the facts upon which plaintiff's claim is based are alleged, there is authority to grant any proper relief within the limitations of section 580 of the Code of Civil Procedure. And appropriate remedies, such as cancellation, reconveyance, or decrees quieting title, or establishing or enforcing trusts, or determining the priorities of opposing equities, may be had, as between proper parties under our system, whenever they are required upon equitable considerations and are justified by the pleadings and proof in the case. (Citing *Campbell* v. *Freeman*, 99 Cal. 546 [34 Pac. 113]; *Tuffree* v. *Polhemus*, 108 Cal. 670 [41 Pac. 806]; *Collins* v. *O'Laverty*, 136 Cal. 31 [68 Pac. 327]; *Zellerbach* v. *Allenberg*, 99 Cal. 57 [33 Pac. 786]; *Rollins* v. *Forbes*, 10 Cal. 299; *Angus* v. *Craven*, 132 Cal. 691 [64 Pac. 1091].)" ▮ The authorities cited abundantly show that under the provisions of section 738 of the Code of Civil Procedure the court, in an action involving adverse claims to real property prosecuted upon a complaint seeking to quiet title of the plaintiff, may enter such judgment as the equities of the case require, and provide for the establishing and enforcing of such trusts in relation to the property involved as the equities of the case justify or demand.

The facts set forth in the record in this case show that the trial court, in action number 157,108, was authorized to and should have entered a judgment to the effect that the plaintiff's title to the premises involved be quieted; that

a conveyance be made by Anton W. Wilson to the plaintiff in said action upon, and only upon, payment to him of the amount due from the estate of E. M. Anderson, deceased, and which constituted a charge and a lien upon the premises involved, and for the security, the payment of which Anton W. Wilson then and there held the legal title.

We come now to the form of the action before us upon this appeal and the rights therein to which the respective parties may be entitled. The amount of the lien held by Anton W. Wilson against the real property described in the complaint has already been litigated and adjudged by the trial court in action number 157,108. It is therein determined that Anton W. Wilson is entitled to payment of a certain sum; that he has a lien against the described real property to secure the payment thereof; the estate is found to be the real owner of the property, and should have the title thereto transferred to the executrix of the estate of E. M. Anderson, deceased, upon payment of the sum so found due. The form for carrying the judgment into effect is such as to be unenforceable. The court could not compel the executrix of the estate of E. M. Anderson, deceased, to execute the promissory note or the trust deed therein provided for. Nor could it compel Anton W. Wilson to execute a conveyance unless and only upon payment to him of the moneys to secure the payment of which the premises stood charged. Therefore, we come now to the question of remedies.

The plaintiff in this action holds a deed which is, in legal effect, only a mortgage. We do not need to cite authorities, which are numerous, to the effect that if a grant, bargain and sale deed is taken as security for the payment of a debt, the instrument, though couched in the form of an absolute conveyance, is, in truth and in fact, nothing more than a mortgage, and for the foreclosure of which only one action can be prosecuted, as provided for by section 726 of the Code of Civil Procedure. Thus, the right of the plaintiff in this action was not for a judgment quieting title, which would exclude the appellants from any right of redemption or from the opportunity of making payment of the sums due the plaintiff, and, therefore, the judgment as entered herein cannot stand. However, the answers and cross-complaints of the appellants in this action

supply all the necessary facts, together with the evidence introduced by stipulation of the parties, to justify the trial court in directing a reformation or amendment of the plaintiff's complaint, if deemed necessary, and then proceeding as though the action had originally been commenced to foreclose the lien of the plaintiff upon the premises involved, and, in effect, to enforce the judgment in action number 157,108. In so doing, the action of the trial court would have been, and should have been, in line with the opinion in the case of *Randall* v. *Duff*, 101 Cal. 82 [35 Pac. 440], an action prosecuted to quiet title, and where, in the original action, all of the parties had not appeared. The court said: "Among the consequences of the omission to make the successors of William R. Duff parties to the foreclosure of the Ritchie and Fiebig mortgages was the necessity of prosecuting another action in some form to bar or determine their right of redemption, and the present action by the purchaser under the foreclosure proceedings, though in form an action to quiet title, is, in effect, nothing more nor less than a suit to foreclose the mortgages as against the plaintiffs in *Duff* v. *Duff*, 101 Cal. 1 [35 Pac. 437], just as their cross-complaint is, in effect, a suit to redeem. In the form which the litigation assumed, through the mistake or choice of the plaintiff and his predecessors, he was subjected to the necessity of relitigating in this action the validity and amount of the mortgage liens, but the mortgagees could not, by their disregard of the regular procedure for the enforcement of their rights, compel the defendants to relitigate with them or their successor, in what is practically another suit to foreclose their mortgages, the rights finally determined in the action of *Duff* v. *Duff*." In the case at bar the rights of the parties, as we have stated, are fully determined in action number 157,108, and only the question of procedure and form of action to enforce those rights is involved.

Without further citation of authority, it is evident that the judgment as entered in this action, as we have said, must be reversed and the cause remanded to the trial court with directions to permit the amendment of the complaint herein, if the plaintiff is so advised, so as to correspond with and set forth all the facts which appear in the answers and cross-complaints filed by the appellants, the plaintiff's an-

swer thereto, and the evidence introduced in this cause, showing all that is essential to support an action to foreclose a mortgage, and then proceed to determine whatever additional sums, by way of interest and other expenses, if any, chargeable as a lien against the premises described, and to direct foreclosure and sale in accordance with the provisions of the code regulating the foreclosure and sale of mortgaged real estate. And it is so ordered.