[Civ. No. 5791. Third Appellate District.—June 25, 1837.]

MARIA IONE BACON, Respondent, v. BERTRAND A. BACON et al., Appellants.

Clark Clement for Appellants.

John F. Pryor for Respondent.

HELD, J., *pro tem.*—The complaint herein is in two counts. The first cause of action is one to establish an equitable interest in certain real property. The second cause of action seeks to quiet title to the same real property. The judgment decrees that plaintiff is the owner in fee of an undivided one-half interest in a portion of the property, and directs an accounting. The parties have stipulated that the judgment, although designated in the record as an interlocutory decree, may for the purposes of this appeal, be considered a final judgment. The defendants have appealed.

The plaintiff and the defendant R. C. Bacon, although not husband and wife, were at the time of the commencement of the action, and for more than ten years prior thereto had been, living together as husband and wife. The defendant Bertrand A. Bacon is the brother of his codefendant. Since March, 1929, the plaintiff and defendant R. C. Bacon have with the exception of a short period, resided at Kettleman City. Soon after taking up their residence there, defendant R. C. Bacon entered into contracts with one A. Manford Brown to purchase certain real property and to pay therefor in instalments. The title to the property stood of record in the name of Kings County Abstract Company in trust for A. Manford Brown, and conveyances were to be made from time to time by the trustee to persons designated by Brown.

The complaint alleges, and the answer denies, that at the time plaintiff and defendant R. C. Bacon began to live together as husband and wife, they mutually agreed that their

future earnings and all property therewith acquired should be owned in common by them; that the property here involved was acquired and improvements made thereon with such common funds; that defendant R. C. Bacon falsely and fraudulently represented to plaintiff that the contracts with Brown were in the names of both R. C. Bacon and herself. It is also alleged in the complaint that the defendants conspired to cheat and defraud plaintiff, and that pursuant to such conspiracy, they caused Brown to have executed to defendant Bertrand A. Bacon, deeds for the various parcels of real estate herein involved, although Bertrand A. Bacon had made no contribution toward the purchase price or the cost of improvements.

As a special defense, the answer sets up a written agreement between the defendants dated March 1, 1929, whereby defendant Bertrand A. Bacon agreed "to furnish money to buy lots, material and furniture to build houses at Kettleman City". The answer alleges also that pursuant to said agreement defendant Bertrand A. Bacon advanced to his codefendant the funds required to "acquire and construct the properties described in said complaint"; and that plaintiff had collected from the tenants on said properties, a sum exceeding $600, and had applied the same to her own use. Defendants' prayer is that plaintiff take nothing, that defendant Bertrand A. Bacon have judgment against plaintiff for the sum of $600 and for general relief. Plaintiff did not plead further.

The complaint asserts that plaintiff had an interest in seven separate lots, viz.: Lot 3 in block 4 in subdivision No. 1; and in subdivision No. 2, lot 3 in block 31, lots 3 and 4 in block 33, and lots 6, 7 and 12 in block 49. The judgment awarded plaintiff an undivided one-half interest in five of these, viz.: Lot 3 in block 4 in subdivision No. 1; and lot 3 in block 31 and lots 6, 7, and 12 in block 49 in subdivision No. 2. The evidence discloses that lots 3 and 4 in block 33 in subdivision No. 2, omitted from the judgment, and also lot 12 in block 49 in subdivision 2, included in the judgment, were deeded to defendant Bertrand A. Bacon as gifts to him from A. Manford Brown, and that defendant Bertrand A. Bacon erected houses thereon with funds provided by himself. There is no evidence that any of these three lots ever were included in any contract between Brown and defendant R. C. Bacon or that the latter ever had any interest therein, or contributed

any of the funds used in making improvements thereon. The trial court recognized this as to the two lots in block 33 by refusing to award any interest therein to plaintiff. However, the evidence as to the title of lot 12 in block 49 is identical with the evidence concerning the two lots in block 33, and the judgment as to lot 12 in block 49 finds no support in the evidence.

█ Appellants contend that the plaintiff asserting an equitable title may not maintain this action against the holder of the legal title. It is unquestioned that ordinarily an action to quiet title will not lie in favor of the holder of an equitable title as against the holder of a legal title. (22 Cal. Jur., p. 111; *G. R. Holcomb Estate Co.* v. *Burke,* 4 Cal. (2d) 289 [48 Pac. (2d) 669]; *Booth* v. *Taylor,* 135 Cal. App. 348 [26 Pac. (2d) 846]; *Becker* v. *Highboy Coaster Trust,* 112 Cal. App. 219 [296 Pac. 651].) The reason for the rule is said in *Aalwyn's Law Institute* v. *Martin,* 173 Cal. 21 [159 Pac. 158], to be "that if the owner of equities could sue to quiet title he might obtain a judgment based upon his adversary's fraud without setting up, in his pleadings, the facts constituting such fraud. This would be manifestly unfair."

In the case at bar the complaint sets forth fully the facts upon which plaintiff relied to entitle her to recover. The answer took issue with plaintiff on those allegations. On the trial, evidence was admitted on all the issues raised by the pleadings. The reason for the rule now contended for by appellants ceased, and the language of the court in *De Leonis* v. *Hammel,* 1 Cal. App. 390 [82 Pac. 349], is applicable. The court there said: "Where, as here, the facts upon which plaintiff's claim is based, are alleged, there is authority to grant any proper relief within the limitations of section 580 of the Code of Civil Procedure." To the same effect is *Dement* v. *Pierce,* 122 Cal. App. 254 [9 Pac. (2d) 884].

Furthermore, by the answer defendant Bertrand A. Bacon sought to recover from plaintiff rents allegedly collected by her, and to which Bertrand A. Bacon would be entitled only on showing title in himself. He thus placed his own title in issue. By the prayer of the answer he also sought general relief. The case is therefore governed by *Jeffords* v. *Young,* 98 Cal. App. 400 [277 Pac. 163], where the complaint stated facts constituting only a suit to quiet title, and the answer

set up new matter and asked for affirmative relief. The court there said:

"The new matter in the answer is deemed to have been denied and in spite of the nature of plaintiffs' original action, they have a right to interpose, against the defendants' claim of legal title, any equitable claim which they may possess, and upon a proper showing the grantee's title should be quieted subject to the valid equitable claim of the appellants."

We conclude that where, as here, the complaint alleges an equitable title and sets forth fully the facts upon which plaintiff relies for a recovery, and the defendants seek affirmative relief involving a determination of their title, the court may enter such judgment as the equities of the case require. As was said in *Wilson* v. *Anderson,* 109 Cal. App. 467 [293 Pac. 627, 630]:

"The authorities cited abundantly show that under the provisions of section 738 of the Code of Civil Procedure the court, in an action involving adverse claims to real property prosecuted upon a complaint seeking to quiet title of the plaintiff, may enter such judgment as the equities of the case require, and provide for the establishing and enforcing of such trusts in relation to the property involved as the equities of the case justify or demand."

■ Appellants urge that the trial court erred in its failure to find as to the existence of a contract alleged in defendants' special defense, to have been entered into between the defendants, by which contract defendant Bertrand A. Bacon agreed to furnish the funds necessary to purchase certain lots at Kettleman City herein involved and to construct houses thereon. The special defense alleged, in addition to the execution of said contract, that defendant Bertrand A. Bacon did advance such funds. The court made no finding either that such a contract was or was not made. There is, however, a finding that:

"It is not true that the moneys required to acquire and construct the properties described in plaintiff's complaint, or any thereof . . . were advanced as they were required, or advanced at all, by defendant, Bertrand A. Bacon, to said defendant, R. C. Bacon, for the payments therefor."

The question in this case is not whether Bertrand A. Bacon agreed to advance money to his brother, but rather whether

546

he in fact did advance such money.   If he failed to make the advances, an agreement to do so, would not improve his situation.   The finding herein renders immaterial the question whether a contract was entered into.   And, as was said in *Strauss* v. *Dubuque F. & M. Ins. Co.*, 132 Cal. App. 283 [22 Pac. (2d) 582], a case where appellant claimed error because the court failed to find on certain issues raised by the pleadings "if a finding in favor of the plaintiffs had been made on each of such issues, such findings would be immaterial.   It follows that it was not error to fail to make findings thereon."

██   The ultimate question here is as to the source of the funds with which the property here involved was acquired and improved.   The trial court found that as to two of the lots, the money was provided by defendant Bertrand A. Bacon, and that five lots were acquired and improved by the moneys and earnings of the plaintiff and defendant R. C. Bacon while they were living together as husband and wife under an agreement to pool their earnings and share equally in their joint accumulations.   As heretofore stated, the evidence as to the source of the funds with which lot 12 in block 49 was acquired and the improvements thereon made, is identical with the evidence as to the two lots in which the trial court refused to award plaintiff any interest.   As to the remaining four lots the evidence is conflicting as to whether plaintiff and defendant R. C. Bacon provided the funds to purchase and improve the same, or whether defendant Bertrand A. Bacon provided such funds.   The court found, and there is ample evidence to support the findings that the plaintiff and defendant R. C. Bacon entered into a contract as alleged in the complaint; that each earned money and with the same purchased the four lots and built houses thereon, and that defendant Bertrand A. Bacon furnished none of the moneys with which said four lots were acquired or improved.   There being a conflict in the evidence, the findings of the trial judge are conclusive on the question as to which side produced the preponderance of evidence.   (2 Cal. Jur., p. 918.)   ██   Where, as here, evidence to establish a trust is required to be clear and satisfactory, whether the evidence is of this character must be determined by the trial court, and its determination thereon will be accepted by the appellate court as conclusive, if there be substantial evidence to support it.   (*Goatman* v. *Fuller*, 50 Cal. App. 403 [195 Pac. 256]; *Simonton* v. *Los Angeles T. & S. Bank*, 205

Cal. 252 [270 Pac. 672].) Evidence in a case of this character is sufficient in the language of the Supreme Court in *G. R. Holcomb Estate Co.* v. *Burke, supra,* "if it has satisfied the conscience of the chancellor before whom the trial was had, and this court cannot say that the evidence clearly preponderates against the finding". The findings in the case at bar are amply supported by the evidence and we cannot say that the preponderance of the evidence is opposed to the finding.

The exclusion from evidence of certain receipts from defendant R. C. Bacon to defendant Bertrand A. Bacon is also urged as error by appellants. These receipts were clearly self-serving in their nature, and the ruling of the trial court in sustaining an objection to their introduction, was proper.

We conclude that plaintiff is entitled to a decree quieting title to an undivided one-half interest in lot 3 in block 4 in subdivision No. 1, and in lot 3 in block 31 and in lots 6 and 7 in block 49 in subdivision No. 2, and that she has no interest in lot 12 in said block 49. To the extent that the findings and judgment award such interest in said lot 12, the trial court erred.

No good reason appears why the case should be tried again, as the evidence in the record is full and complete concerning the title to said lot 12. By section 4¾ of article VI of the Constitution, and section 956a of the Code of Civil Procedure, this court may make findings of fact contrary to, or in addition to those made by the trial court. (*Hanchett* v. *Wiseley,* 107 Cal. App. 230 [290 Pac. 311]; *California B. G. Assn.* v. *Sanders,* 86 Cal. App. 689 [261 Pac. 717].) In accordance with the authority thus given us, it is ordered:

That finding number five be amended to read as follows:

"V.

"It is true that soon after going to said Kettleman City to reside, plaintiff and said defendant R. C. Bacon, contracted to purchase from A. Manford Brown the following described real property situated in the County of Kings, State of California, to wit:

"Lot 3 in Block 4 in Kettleman City Subdivision No. 1, and lot 3 in Block 31 and Lots 6 and 7 in Block 49 in Kettleman City Subdivision No. 2. That from time to time thereafter, from their joint earnings or the moneys earned by plaintiff

and defendant, R. C. Bacon, while they were living together as man and wife, they paid for said real property they had so contracted to purchase, and improved the same by erecting thereon a number of buildings, and that for a long time after the construction of said buildings the said real properties yielded and now yield a monthly rental not yet ascertained, most of which rentals so accruing have been collected and retained by said defendant, R. C. Bacon, and by him appropriated to his own use to the exclusion of plaintiff.''

That finding VI be amended by striking therefrom the words ''in plaintiff's complaint and hereinafter described'' and inserting in lieu thereof the following: ''described in finding number V''.

That finding VII be amended by striking therefrom the words ''in plaintiff's complaint and hereinafter described'' and inserting in lieu thereof the following: ''described in finding number V''.

That finding VIII be amended by striking therefrom the words ''on June 23, 1932, Lot 12 in Block 49 of Kettleman City Subdivision No. 2 was conveyed to said defendant Bertrand A. Bacon''.

That finding VIII be also amended so that the concluding paragraph thereof shall read as follows:

''It is also true that on the 19th day of February, 1932, said A. Manford Brown caused to be conveyed Lot 3 in Block 33 of Kettleman City Subdivision No. 2, and on June 17, 1932, he also caused to be conveyed Lot 4 in Block 33 of said Kettleman City Subdivision No. 2, and on June 23, 1932, he also caused to be conveyed Lot 12 in Block 49 of said Kettleman City Subdivision No. 2, to said Bertrand A. Bacon; but it is not true that plaintiff owned or held any interest in said Lots 3 and 4 in Block 33, or in said Lot 12 in Block 49 of said Kettleman City Subdivision No. 2.''

That finding X be amended by striking therefrom the words ''Lot 12 in Block 49''.

That finding XI be amended by adding thereto the following: ''Lot 12 in Block 49 of Kettleman City Subdivision No. 2''.

That finding XIII be amended by inserting after the word ''excepting'' the following: ''said Lot 12 in Block 49'', and,

It is further ordered that the conclusions of law be amended by striking therefrom the words: ''Lot 12 in Block 49''.

The judgment entered herein in the trial court is modified by striking therefrom the words: "Lot 12 in Block 49", and as so modified, is affirmed.

Pullen, P. J., and Thompson, J., concurred.