[Civ. No. 20900.   Second Dist., Div. One.   June 28, 1955.]

W. F. DREHER, Respondent, v. GEORGE J. ROHRMOSER et al., Appellants.

Albert A. Dorn for Appellants.

Everett H. Mills for Respondent.

DRAPEAU, J.—Defendant, George J. Rohrmoser, was employed by plaintiff, who was a general contractor and builder of homes.

Through a real estate broker, plaintiff bought two lots in Wilmington for $2,000, which amount he paid into escrow. At that time he told defendant George that he wanted to put the lots in his (defendant's) name "for convenience sake, so that he could get the permits and the titles and the loan." And thus expedite the construction of two houses on the lots. Defendant agreed to this arrangement.

Accordingly, a grant deed to "Geo. J. Rohrmoser, a married man" was executed by Charles V. Huck, et al., owners of the lots. Defendants had no dealings with either the real estate broker or the owners. Thereafter, plaintiff arranged for two building loans of $6,000 each and, at his request, defendant signed the notes and deeds of trust securing the same.

On October 21, 1953, when the houses were completed and sales thereof to third parties were pending, defendant George J. Rohrmoser executed a grant deed conveying the property to the plaintiff. When plaintiff presented the deed to Mrs. Rohrmoser, she refused to sign it. This action to quiet title followed.

The answer alleged ownership in defendants under the deed from Huck, et al. It also alleged execution of the trust deeds and an oral agreement pursuant to which plaintiff constructed the two houses and was paid $12,000 therefor.

Defendant George J. Rohrmoser admitted he had made no payments on the notes; that he never paid any portion of the purchase price and did not know what it was until he heard plaintiff's testimony at the trial. He also testified that on several prior occasions he had taken title to lots for plaintiff and had thereafter executed deeds to the new purchasers; also that he took title to the instant property to protect plaintiff from his creditors.

From the judgment quieting title to the property in plaintiff, defendants appeal.

Appellants take the position that:

1. They acquired the lots in question as community property by the deed from Huck, et al.

2. The deed from appellant husband conveyed nothing to respondent.

3. Respondent did not have legal title to the property when he initiated the instant action of quiet title.

4. Under the pleadings, it was error to admit evidence tending to prove an equitable title in respondent.

■ "The relief awarded in an action to quiet title may vary according to the circumstances of the case. . . . And . . . while an action to quiet title cannot be maintained by the owner of an equitable estate against the holder of the legal title upon a complaint containing only the averments commonly made therein, yet appropriate remedies, such as cancellation, reconveyance, or decrees establishing or enforcing trusts, or determining the priorities of opposing equities, may be had, as between the proper parties, whenever they are required upon equitable considerations and are justified by the pleadings and proof." (22 Cal.Jur. 129, 130, § 18, citing *De Leonis* v. *Hammel,* 1 Cal.App. 390, 394 [82 P. 349].)

■ In *Jeffords* v. *Young,* 98 Cal.App. 400, 406 [277 P. 163], in which it was contended that a suit to quiet title by one holding an equitable title to realty would not lie against the holder of the legal title, the court stated:

"While it is true that the complaint of the appellants stated facts constituting only a suit to quiet title, the answer of the grantee Lorenz set up new matter and asked for affirmative relief, praying that the title be quieted in him. The new matter in the answer is deemed to have been denied and in spite of the nature of plaintiffs' original action, they have a right to interpose, against the defendants' claim of legal title, any equitable claim which they may possess, and upon a proper showing the grantee's title should be quieted subject to the valid equitable claim of the appellants."

■ Again in *Bacon* v. *Bacon,* 21 Cal.App.2d 540, 545 [69 P.2d 884], it is stated, quoting from *Wilson* v. *Anderson,* 109 Cal.App. 467 [293 P. 627, 630]:

" 'The authorities cited abundantly show that under the provisions of section 738 of the Code of Civil Procedure the court, in an action involving adverse claims to real property prosecuted upon a complaint seeking to quiet title of the plaintiff, may enter such judgment as the equities of the case require, and provide for the establishing and enforcing of such trusts in relation to the property involved as the equities of the case justify or demand."

■ Following sections 162 and 163 of the Civil Code which

define separate property of the spouses, section 164 of the same code reads: ''All other property acquired after marriage by either husband or wife or both, including real property situated in this state . . . is community property.''

This does not, however, include property held in trust by a spouse for a third person. (10 Cal.Jur.2d 670, § 7, citing *Anderson* v. *Broadwell*, 119 Cal.App. 130 [6 P.2d 260]. See also 41 C.J.S. 1006, § 471, subd. i; and 54 Am.Jur. 152.)

Accordingly, respondent had the right to interpose any equitable claim which he possessed directed to the issues raised by the instant pleadings. And there was no error in admitting evidence showing the circumstances under which the property here was deeded to appellant husband.

The admissions of appellant husband, standing alone, were amply sufficient to support the trial court's findings: that the naked title only was placed in the name of said husband for the convenience of respondent; that said husband never had any beneficial interest in the property; and that neither appellant husband nor wife had at any time any community or other interest therein.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.